**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10689

HARRIMAN G. RADFORD,

Plaintiff-Appellant,

VERSUS

GENERAL DYNAMICS CORPORATION, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas

August 18, 1998

Before KING, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:

Appellant Harriman G. Radford appeals from the order of the district court granting Appellees' motion to dismiss on statute of limitations grounds in this ERISA case.  Finding no error, we affirm.

## Background

Harriman Radford worked for General Dynamics in Fort Worth for 33 years and 9 months.  On November 4, 1988, Radford went to Employee Services at General Dynamics to inquire about the effect

of retiring a few months prior to age fifty-five, the first age at which General Dynamics employees can take "early retirement." The benefits office employee provided Radford a booklet entitled "General Dynamics Retirement Plan for Salaried Employees" dated June 1984. The booklet provided that if an employee retired prior to age fifty-five, the employee would experience an actuarial reduction in benefits; however, the booklet did not state the amount of the actuarial reduction in benefits.

General Dynamics provided Radford with an out-of-date booklet. A current booklet with the same title, but dated September 1988, was available and in stock, but was not given to Radford. The 1988 Booklet contained information that would have apprised Radford of the drastic reduction in benefits which would occur if he were to retire prior to age fifty-five.

In order to ascertain the amount of the reduction, Radford returned to Employee Services on November 9, 1988, and spoke with a different benefits office employee. Radford told the benefits office employee that he was considering retiring prior to age fifty-five and that he needed to determine the amount of his monthly retirement benefit he would receive at age fifty-five if he retired at age fifty-four and five months. The benefits office employee informed him that the actuarial reduction would be 4.5%.

On December 20, 1988, Radford received from General Dynamics

two *Retirement Benefits Payment Election* forms:  one for salaried employees and one for hourly employees.  Radford was eligible for benefits under both plans.  By electing a monthly benefit under a life annuity, the salaried employee plan form advised that Radford would receive a monthly benefit of $617.92, and the hourly employee plan form advised that Radford would receive a monthly benefit of $215.00.  Both forms indicated that the approximate benefits shown were based on an anticipated retirement age of fifty-five years.  Attached to these payment election forms was a post-it note to call "Billie" in Employee Services.

Radford called Billie and discussed his date of retirement and the fact that the monthly benefit amounts indicated on the election forms were the same amount if he were to retire at age fifty-five.  Radford advised Billie that another benefits office employee had advised him that this amount would be reduced actuarially by 4.5%.  Billie advised Radford that the other employee must have calculated the amount under the alternate benefit formula as opposed to the regular benefits formula, and that under the rules Radford would receive the higher of the two.

Based upon these written and oral representations, Radford retired from General Dynamics at age 54 years and 4 months on January 6, 1989.  He was under the impression that he would be receiving a total monthly income of over $800.00.  Instead, "on

3

January 9, 1989, Radford learned that the General Dynamics Corporation benefits office employees had misrepresented to him what his benefits would be under the General Dynamics Plans if he retired prior to age fifty-five."[1]  His monthly income amounted to $301.00, and he lost his medical insurance.  Radford elected not to receive any benefit until this matter was fully adjudicated.

Radford immediately initiated an administrative claim for higher benefits with General Dynamics Corporation and its Plans.  Some years later, Radford also filed an administrative claim with Lockheed,[2] seeking relief on the basis of the alleged misrepresentations made by General Dynamics Corporation benefits employees.  Lockheed denied Radford's appeal on December 16, 1994.

Radford filed his Original Complaint on October 17, 1996, alleging breach of fiduciary duty under ERISA.  General Dynamics and Lockheed moved to dismiss Radford's ERISA claim as time-barred.  The district court granted the motions to dismiss, holding that the last action which constituted a part of the breach or violation occurred prior to January 9, 1989, and that Radford's complaint filed on October 17, 1996, was barred by §413

_____

[1]Brief of Appellee General Dynamics Corp. at p.8-9.

[2]On March 1, 1993, Lockheed Corporation purchased the Fort Worth Division of General Dynamics pursuant to a purchase agreement.  The Lockheed Plan assumed the fiduciary duties and responsibilities, rights, and obligations of the General Dynamics Plans.

of ERISA's six-year statute of limitations.  Radford timely filed a notice of appeal.

## Analysis

We review a district court's ruling on a motion to dismiss for failure to state a claim *de novo*.  *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).  The parties do not dispute that Radford has asserted a breach of fiduciary duty claim under § 502(a)(3) of ERISA as recognized in *Varity v. Howe*, 116 S. Ct. 1065 (1996).[3]  In *Varity*, the Supreme Court recognized that § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a), authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations.  In order to review the district court's ruling, we must address the following issues of first impression: (1) what is the statute of limitations for a *Varity* claim; and (2) if the lawsuit was filed outside the limitations period, should the statute of limitations be tolled while administrative remedies are being exhausted.

## I.    Statute of Limitations for a *Varity* Claim

The district court found, and Appellees Lockheed and General

---

[3]The court notes that *Varity* involved intentional misrepresentations to employees, and that in this case, Radford alleges negligent misrepresentation by General Dynamics. *See Librizzi v. Children's Memorial Med. Ctr.*, 134 F.3d 1302, 1305 (7th Cir. 1998) (noting that uninformed but well-meaning advice poses a different problem from the intentional deceit involved in *Varity*). As the parties do not dispute that a *Varity* claim has been stated, the court does not address whether Radford's claim is indeed a *Varity* claim.

Dynamics maintain, that the limitations period for a *Varity* claim can be found in § 413 of ERISA.  Section 413 provides in pertinent part:

> No action may be commenced **under this subchapter** with respect to a **fiduciary's breach** of any responsibility, duty, or obligation **under this part**, or with respect to a violation of this part, **after the earlier of**--
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or  . . .
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (amd. 1989)(Supp. 1997)(emphasis added).

The court agrees.  The plain language of § 413 of ERISA indicates that its statute of limitations would apply to a *Varity* claim pursuant to § 502(a)(3).  The *Varity* court explained that the fiduciary duties which were violated arose under § 404(a) of ERISA.  116 S. Ct. at 1074-75.  Section 413 provides that any action "commenced **under this subchapter** with respect to a **fiduciary's breach** of any responsibility, duty, or obligation **under this part**" is subject to either the six-year or three-year statute of limitations, whichever is earlier.  Both § 413 and § 404(a) are contained in Subchapter I, subtitle B, Part 4 of ERISA.  A *Varity* claim for breach of fiduciary duty arises under

6

§ 404(a) and § 502(a)(3), both within Subchapter I of ERISA.

Radford stated in his complaint that he "learned to his dismay" that the information was incorrect on January 9, 1989. Thus Radford had actual knowledge of the breach on January 9, 1989, and under § 413 he had to file suit within three years. Further, the last act which constituted part of the breach occurred prior to January 9, 1989. Thus under either the three year or six year limitations period, Radford's claim filed on October 17, 1996, is time-barred. However, it is clear that the three-year period applies because it is the earlier of the two periods outlined in § 413. In a similar case, the Seventh Circuit concluded that § 413 provides the limitations period for a case assumed to lie under *Varity*. *See Librizzi v. Children's Memorial Med. Ctr.*, 134 F.3d 1302 (7th Cir. 1998).

## II.   Tolling the Statute of Limitations

The next question we must answer is whether the statute of limitations should be tolled while administrative remedies are being exhausted. This question presupposes that a requirement exists to exhaust administrative remedies in cases under *Varity*. If there is no exhaustion requirement, there is no need to toll the statute. *See Lindahl v. American Telephone & Telegraph*, 609 F. Supp 267 (N.D. Ill. 1985)

Radford maintains that exhaustion is required before a *Varity* claim can be filed, citing *Denton v. First Nat'l Bank of*

7

*Waco*, 765 F.2d 1295 (5th Cir. 1985). In *Denton*, this court adopted the rule that a plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied.

During oral argument, General Dynamics argued that there should be no exhaustion requirement in fiduciary breach cases under ERISA and that fiduciary breach cases are distinguishable from benefit denial cases like *Denton*. However, this court held in *Simmons v. Wilcox*, 911 F.2d 1077, 1081 (5th Cir. 1990), that a plaintiff must exhaust administrative remedies before complaining of a breach of fiduciary duty under ERISA. *See also Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80 (4th Cir. 1989). *Cf. Kross v. Western Elec. Co.*, 701 F.2d 1238, 1244-45 (7th Cir. 1983) (exhaustion is discretionary with the district court).

However, we can assume without deciding that exhaustion for *Varity* claims is required in this circuit, because we do not find it necessary to toll the statute of limitations pending the exhaustion of administrative remedies. Section 413 of ERISA is a statute of repose, establishing an outside limit of six years in which to file suit, and tolling does not apply. *See Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991) (holding that a similar provision under the Securities Exchange Act of 1934 was not subject to tolling "[b]ecause the purpose of the three-year limitation is clearly to serve as a cutoff"). *Accord Wolin v.*

8

*Smith Barney, Inc.*, 83 F.3d 847, 850 (7th Cir. 1996); *Landwehr v. DuPree*, 72 F.3d 726, 733 (9th Cir. 1995); *Larson v. Northrop Corp.*, 21 F.3d 1164, 1174-77 (D.C. Cir. 1994). As a statute of repose, § 413 serves as an absolute barrier to an untimely suit.

Additionally, we note that pursuant to ERISA administrative claims regulations, 29 C.F.R. § 2560.503-1(e)(2) and (h)(4) (1997), promulgated by the Secretary of Labor under 29 U.S.C. § 1133, administrative review of a claim is deemed denied after a total of 300 days have passed from the date the claim was filed. Radford's claim was filed on January 9, 1989, and was constructively denied, pursuant to the above regulations on November 6, 1989. These regulations reinforce the view that § 413 is a statute of repose.

We conclude that the statute of limitations is not tolled during exhaustion of administrative remedies for *Varity* claims under ERISA. Accordingly, Radford's *Varity* claim is time-barred.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

ROBERT M. PARKER, Circuit Judge, dissenting:

I respectfully dissent. I begin by noting that the exhaustion requirement is not present in the statute--it has been created out of thin air. As the majority points out, in *Denton*,

9

this court adopted the rule that a plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied.[1]  *But see Held v. Manufacturers Hanover Leasing Corp.*, 912 F.2d 1197, 1205 (10th Cir. 1990); *Zipf v. American Tel. & Tel. Co.*, 799 F.2d 889, 891-94 (3d Cir. 1986); *Amaro v. Continental Can Co.*, 724 F.2d 747, 750-53 (9th Cir. 1984) (exhaustion not required for claims of statutory violations of ERISA).

After *Denton*, this court held in *Simmons v. Wilcox*, 911 F.2d 1077, 1081 (5th Cir. 1990), that a plaintiff must exhaust administrative remedies before complaining of a breach of

---

[1]The *Denton* court relied upon a Ninth Circuit decision, *Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980), involving a claim for declaration of rights under a plan.  The Ninth Circuit distinguished *Amato* in *Amaro v. Continental Can Co.*, 724 F.2d 747, 751-52 (9th Cir. 1984), by pointing out that the pension plan in *Amato* contained the internal appeal procedure required by section 503 of ERISA.  The *Amaro* court concluded that exhaustion would not be required to bring an action under § 510 of ERISA, and that *Amato* did not apply.

The difference between *Amato* (cited in *Denton*) and *Amaro* is that *Amato* involved a dispute about the rights and duties under the plan for which exhaustion would be required; *Amaro* involved a dispute as to whether the statute had been violated, so that exhaustion of administrative remedies would not be required.  The en banc court may wish to reexamine *Denton* and its progeny to make a distinction with respect to the exhaustion requirement between cases involving rights under a plan and rights under ERISA.  *Cf. Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 (5th Cir. 1995) ("Our cases applying this common law exhaustion requirement presuppose that the grievance upon which the lawsuit is based arises from some action of a plan covered by ERISA, and that the plan is capable of providing the relief sought by the plaintiff.")

fiduciary duty under ERISA.  There is no reason why exhaustion should not be required for a *Varity* claim for breach of fiduciary duties, when this circuit has required it for other breach-of-fiduciary-duty claims and benefit-denial claims under ERISA. There is no principled reason for treating *Varity* claims differently.  I recognize that exhaustion is the law of the circuit, and we are bound by that precedent.

Where the majority and I part ways is with respect to the tolling issue.  If we require exhaustion of administrative remedies for claims under *Varity* which we must under existing circuit precedent, then we must also hold that the statute of limitations will be tolled during the pendency of the administrative process.[2]  Although the Appellees contend and the majority agrees that a plaintiff should be required to both exhaust administrative remedies and file suit within the limitations period, I consider such a procedure anathema to judicial economy.  According to the Appellees, even if suit is filed before administrative procedures have concluded, the case can be stayed in federal court until it is ripe for decision.

---

[2]Radford had actual knowledge of the alleged breach on January 9, 1989.  Radford avers that he immediately initiated an administrative claim, and that his administrative claim was denied by Lockheed on December 16, 1994.  Radford filed suit on October 17, 1996.  Thus, if the statute of limitations is tolled during exhaustion of administrative remedies, his suit under ERISA is not time-barred for purposes of a motion filed pursuant to Rule 12(b)(6).

Not only does this create a potentially unnecessary step in the judicial process, but it also undermines the policy reasons supporting an exhaustion requirement: (1) minimizing the number of frivolous ERISA suits; (2) promoting the consistent treatment of benefit claims; (3) providing a nonadversarial dispute resolution process; (4) decreasing the time and cost of claims settlement; (5) providing a clear record of administrative action if litigation should ensue; and (6) assuring that judicial review is not made under a *de novo* standard. *See Hall v. National Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997).

The only other court to have addressed this precise issue concluded that the limitations period would be tolled while the plaintiff exhausted administrative remedies. *See Mitchell v. Shearson Lehman Brothers, Inc.*, 1997 WL 277381 (S.D.N.Y. 1997). The court reasoned that such a conclusion was the only way to avoid unfairness to the plaintiff and that it was "simply illogical to say that a claim has accrued if it is automatically subject to dismissal when filed." 1997 WL 277381, *5.

The majority cites a Supreme Court decision, *Lampf*, and three circuit court decisions, *Wolin, Larson*, and *Landwehr* in support of its position that the court should not toll the limitations period. In *Lampf* the Supreme Court held that § 9(e) of the Securities Exchange Act of 1934 was a statute of repose not subject to equitable tolling. In so holding, the Court

12

rejected the argument that the statute of limitations should not begin to run until the party who is a victim of fraud or concealment discovers his injury. Likewise in *Wolin* and *Larson*, the issue with respect to equitable tolling involved the discovery rule. *Landwehr* merely stands for the proposition that "the limitations period in an ERISA action begins to run on the date that the person bringing suit learns of the breach or violation." 72 F.3d at 732. *Landwehr* left open the possibility that if someday a case arose in which the application of the general rule would frustrate the purpose of ERISA, the rule would be applied in a manner that would not permit such a result. 72 F.3d at 733. These cases are distinct from the situation presented in the case *sub judice* wherein this court has legislated an additional requirement of exhaustion not expressly provided in the statute.

If our circuit case law would allow us to hold that there is no exhaustion requirement for a *Varity* claim, then I would wholeheartedly agree with the majority that the statute of limitations in § 413 of ERISA should not be tolled. But instead, our circuit has read into ERISA an exhaustion requirement where it does not expressly exist. Common sense and basic fairness dictates that if we are willing to read in an exhaustion requirement, we must toll the limitations period while exhaustion occurs. I also take issue with the majority's reference to and

13

back-door application of the 300-day rule--an argument raised by General Dynamics for the first time on appeal.  I would hold that the statute of limitations should be tolled while the plaintiff exhausts his court-mandated administrative remedies and reverse and remand the case for further proceedings.