Dorothy HAMILTON, Plaintiff-Appellant,

v.

ALLEN-BRADLEY COMPANY, INCORPORATED, Defendant-Appellee.

No. 99-11766.

United States Court of Appeals,

Eleventh Circuit.

March 13, 2001.

Appeal from the United States District Court for the Southern District of Georgia. (No. 98-00041-CV-3), Dudley H. Bowen, Jr., Chief Judge.

Before ANDERSON, Chief Judge, and BLACK and HALL[*], Circuit Judges.

HALL, Circuit Judge:

The Court hereby vacates its prior opinion, filed July 10, 2000, and substitutes this opinion in lieu thereof.

Dorothy Hamilton ("Hamilton") appeals the grant of summary judgment entered in favor of Allen-Bradley Company, Inc. ("Allen"). Hamilton had sued Allen for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"). We have jurisdiction pursuant to 28 U.S.C. § 1291.

I

Hamilton was employed by Allen as a "repair service operator," a job that required her to repeatedly manipulate heavy objects. Sometime in 1993 she developed carpal tunnel syndrome, and by October 1994, she was completely unable to perform her job as a result of her carpal tunnel syndrome and diabetes. She had surgery for her carpal tunnel syndrome, but with poor results. In February 1995, she returned to work briefly, but had to quit after a couple of days, and never returned to work after that. Hamilton applied and was granted social security disability benefits.

After Hamilton realized that she could no longer work, she inquired of Melba Lee ("Lee"), Allen's human resources director, about whether she could qualify for long-term disability. Hamilton asserts that on this occasion and on several more occasions from 1994 until 1996, Lee stated that Hamilton did not qualify. According to Hamilton, Lee also refused to give Hamilton a claim form, and did not inform Hamilton of the identity of the insurer for the disability plan. At Allen, employees are required to go through the human

---

[*]Honorable Cynthia Holcomb Hall, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

resources department when they seek to apply for disability benefits. Lee does not remember ever having turned Hamilton away, but admits that she fields about 50 calls every week and therefore, Hamilton may have asked her for an application without her remembering the event. Allen claims that pursuant to company policy, on March 12, 1995, a letter was mailed to Hamilton containing the disability application. Lee stated in her deposition that she did not know if that letter was ever sent and Hamilton states that she never received it.

In 1996, after another request by Hamilton for a disability application, Lee forwarded to her a health insurance claim instead. Hamilton contacted the health insurer, CIGNA, which told her that all requests for benefits had to go through Lee. (CIGNA was not the insurer for the disability plan). Therefore Hamilton contacted Lee again, who allegedly did not respond to Hamilton's further solicitations.

In 1997, Hamilton encountered several former Allen employees who were all receiving disability benefits under Allen's disability plan. At this point, Hamilton contacted Lee again and this time received the correct application form for her disability insurer, UNUM insurance. Hamilton returned the form to Lee who sent it onto UNUM which denied Hamilton's claim on the basis that Hamilton had not properly complied with the notice and proof-of-claim requirements of the policy, i.e.—Hamilton's claim was untimely.

In December 1997, Hamilton appealed the denial of her claim to UNUM. Her basis for the appeal was that Hamilton was required to go through Lee before she could file a claim, had done so in a timely fashion, but was prevented from sending UNUM her application by Lee. In fact, Hamilton asserted that Allen knew in September 1994, that Hamilton was having medical problems, and actually separated Hamilton from work in October 1995, for "being unable to return to work." UNUM rejected her appeal, and Hamilton filed suit against UNUM and Allen in Georgia state court. UNUM and Allen removed to federal court and moved for summary judgment which the district court granted. Hamilton only appeals the ruling as it pertains to Allen and argues that she should prevail because: (1) Allen is culpable for wrongfully denying Hamilton her benefits; and (2) Allen breached its fiduciary duty by failing to provide her with the necessary information needed to file her disability claim.

II

We review de novo an order granting summary judgment, applying the same legal standards as the district court. *See Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1339 (11th Cir.2000). As such, the record has to be viewed in the light most favorable to the non-moving party. *See Holbrook v. City of Alpharetta,* 112 F.3d

1522, 1525-26 (11th Cir.1997).

A.     WRONGFUL DENIAL

1.     *Waiver*

The Federal Rules of Civil Procedure provide that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a respective demand for that relief. *See* FRCP 8(a). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food & Commercial Workers International Union, AFL-CIO, CLC,* 866 F.2d 1380, 1384 (11th Cir.1989); *Evans v. McClain of Georgia, Inc.,* 131 F.3d 957, 964 n. 2 (11th Cir.1997) (quoting *Sams,* 866 F.2d at 1384); *Plumbers & Steamfitters Local 150 v. Vertex Constr.,* 932 F.2d 1443, 1448 (11th Cir.1991) (same).

Allen's primary contention in the context of Hamilton's wrongful denial claim is that she has failed to raise it until now and therefore it should be deemed waived. The complaint which Hamilton filed in state court states that the defendant "Allen-Bradley Company" is Hamilton's former employer and the sponsor and administrator of the group long-term disability plan. *See* Complaint at 2, WW 4 & 5. Hamilton's complaint further avers that this plan states that: "When the Company receives proof than an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period." *See* Complaint at 3, ¶ 7. Hamilton's complaint seeks a reinstatement of her disability benefits based on a wrongful denial, and names both UNUM and Allen as defendants. *See* Complaint at 5-6. Allen is also alleged as not having appropriately provided Hamilton with the requested benefits application forms and thus not having appropriately forwarded Hamilton's request for benefits to UNUM. *See* Complaint at 3, ¶ 9. Even though the complaint is not a model of clarity, the above allegations, along with the fact that Allen was named as a defendant and the only relief sought was reinstatement of disability benefits based on a wrongful denial, should have put Allen on notice that this claim was being leveled against it by Hamilton. We conclude that Hamilton's complaint was sufficient to state a cause of action against Allen for wrongful denial of benefits and that Hamilton did not waive that claim. Therefore, we will review Hamilton's appeal for wrongful denial of benefits on the merits.

2.     *Merits*

ERISA provides that a "civil action may be brought by a participant or beneficiary ... to recover

benefits due ... under the terms of [the] plan." *See* 29 U.S.C. § 1132(a)(1)(B). In the Eleventh Circuit, this section confers a right to sue the plan administrator for recovery of benefits. *See Rosen v. TRW, Inc.,* 979 F.2d 191, 193-94 (11th Cir.1992). Therefore, if the employer is administering the plan, then it can be held liable for ERISA violations. *See id.* at 193-94. Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document. *See id.* at 193.

The key question on this issue is whether Allen had sufficient decisional control over the claim process that would qualify it as a plan administrator under *Rosen.* This requires an analysis of the facts surrounding the administration of the disability plan. The first fact is that the plan booklet states that any claim must be made to UNUM. This would seem to cut in Allen's favor.

However, Hamilton offers testimony by Lee to the effect that Allen requires its employees to go through its human resources department in order to obtain an application for disability benefits. This fact places Allen in sufficient control over the process to qualify as the plan administrator notwithstanding the language of the plan booklet. *See Law v. Ernst & Young,* 956 F.2d 364, 373-74 (1st Cir.1992). Moreover, Allen's benefit choice booklet states: "Plan Administrator-Manager, Employee Benefit Programs, Allen Bradley Company,.... The Plan Administrator has designed the identified insurance companies *and* the Allen Bradley Company as its agents to administer the Plan, to process all claims and appeals, and to provide other administrative services." (Emphasis added). Hamilton points out that Allen did carry out its administrative designation by handing out the claim forms itself without getting prior permission from UNUM, and by fielding questions about the plan from employees. Hamilton also includes an excerpt of Lee's deposition that identifies Milwaukee (Allen's headquarters) as the headquarters of the plan administration. Under the factual inquiry outlined in *Rosen,* there are sufficient indicators that point to Allen as a plan administrator.

Allen's arguments against the above conclusion are misplaced. First, Allen points to law in other circuits which does not allow for the employer to be designated as a co-plan administrator for the purposes of liability. *See e.g. Crocco v. Xerox Corp.,* 137 F.3d 105, 107 (2d Cir.1998); *Madden v. ITT Long Term Disability Plan for Salaried Employees,* 914 F.2d 1279, 1287 (9th Cir.1990). Because there is law going in the opposite direction in this circuit, we are bound to follow the law of our circuit and Allen's argument is without merit.

The second argument that Allen raises is that because Hamilton's claim was untimely, she has no

cause of action for wrongful denial. The essence of this second argument is correct, but the result applies only to UNUM, and not to Allen, because there is a material dispute of fact as to whether Hamilton informed Allen during the time in which her claim request would have been timely. Allen goes on to distract this Court by citing extensive law for the proposition that UNUM's notice requirement cannot be imputed to Allen for purposes of UNUM's liability. *See UNUM Life Insurance Co. of America v. Ward,* 526 U.S. 358, 379, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). Again Allen is correct on the legal statement, but again, Allen is incorrect as to its application because *Ward* concerned a claim against the insurer and not the employer. Therefore, because the district court did not proceed with any further analysis on this issue, but dismissed Hamilton's case for lack of a remediable claim, we remand the case for a determination of the other elements of a wrongful denial claim.

B. FIDUCIARY DUTY

1. *Waiver*

Like the previous issue, Allen offers a waiver argument to parry Hamilton's claim against it. Allen's argument is two-fold: (1) that because the complaint did not include any breach of fiduciary claims, then Hamilton should be barred from bringing them before this Court because it would be the first time that any court would review them; and (2) that Hamilton's claim that Allen should be liable because it failed to disclose truthful information about the plan should be barred because it was never raised before.

We reject both of Allen's waiver arguments. Even though it is true that the original complaint did not contain the specific words "breach of fiduciary duty" or "truthful" information, Hamilton's complaint outlined sufficient facts to put Allen on notice of such a claim. For example, Hamilton's complaint states that it is filed pursuant to ERISA and that Allen is the plan administrator and sponsor. *See* Complaint at 2, WW 4 & 5. Hamilton's complaint charges Allen with failing to provide Hamilton with a copy of the disability benefits application or disability plan booklet. *See* Complaint at 5, ¶ 16. Hamilton's complaint further alleges that she specifically asked Allen for the benefits application forms several times and was denied access to the forms by Allen. *See* Complaint at 3, ¶ 9. Hamilton's complaint also asserts that she explained to defendant UNUM that she had notified defendant Allen of her disability, asked for the disability application form, and been denied access. It is clear from the complaint that in essence Hamilton was contending that Allen had failed to give her the appropriate information and that it was defendant Allen's fault that she had not timely filed her disability claim with defendant UNUM. These facts are consistent with a claim for breach of

fiduciary duty against Allen and failure to disclose truthful information as a basis for that claim. Therefore, the issue is properly before this Court and we will entertain her claim on the merits.

2.    *Merits*

ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ... for the exclusive purpose of ... providing benefits to participants and their beneficiaries ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *See* 29 U.S.C. § 1104(a)(i)(A) & (B). ERISA also provides remedies for breaches of fiduciary duties by stating that any fiduciary who breaches its responsibilities shall be personally liable to return any losses incurred as a result of the breach to the plan. *See* 29 U.S.C. § 1109(a). Allen claims, and the district court agreed, that § 1109(a) provides an exclusive remedy under ERISA and that no private right of action is allowed. Both Allen and the district court relied on *Simmons v. Southern Bell Tel. & Tel. Co.,* 940 F.2d 614, 617 (11th Cir.1991) which held that such a private right of action does not exist.

The main problem in relying on *Simmons* is that this case had been reversed by the Supreme Court over three years before the district court entered its ruling in this case. *See Varity Corp. v. Howe,* 516 U.S. 489, 506-515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In *Varity,* the Supreme Court tackled the exact same issue presented here, whether § 1109 functions as an exclusive remedy for breaches of fiduciary duties or whether remedies outside the statute can exist. The Supreme Court adopted the latter approach by stating that there was nothing in the statute, or in the legislative history, which indicated that § 1109 functioned as a limitation of rights, given the statute's overall purpose in benefitting injured beneficiaries. *See Varity,* 516 U.S. at 511-512, 116 S.Ct. 1065. Therefore, the Supreme Court concluded that any losses, the remedy of which was not contemplated within ERISA, provide a private right of action through the catch-all phrase of 29 U.S.C. § 1132(a)(3). *See id.* at 512, 116 S.Ct. 1065.

Allen makes a great deal about the fact that the *Varity* argument was not raised before the district court, and therefore is to be deemed waived. Allen's argument is problematic at best, because as an officer of the court, it was both Hamilton's *and* Allen's duty to point out to the district court that *Simmons* had been abrogated. It seems presumptuous for Allen to now bring this particular waiver argument before this Court after failing to properly carry out its duties before the district court.

Allen's other argument is that *Varity* does not apply in this case because Hamilton has not asserted a cause of action under the catch-all provision of ERISA, but rather under a provision where the statute has already contemplated a remedy. *See* 29 U.S.C. § 1132(a)(1)(B). The Supreme Court, in *Varity,* has already implicitly rejected this argument by saying that it is ERISA itself that acts as the safety net; if a violation has no appropriate remedy provided by ERISA, then the catch-all provision acts as a safety net by offering appropriate equitable relief. *See Varity,* 516 U.S. at 512, 116 S.Ct. 1065. It is irrelevant under what heading Hamilton pled, because if the remedy she seeks is outside ERISA, as it is in this instance (because a private cause of action is not contemplated within the four corners of the statute), then the catch-all provision automatically applies. Thus, Hamilton has standing to bring a cause of action against Allen.

The final two issues which remain to be determined are whether Allen is a fiduciary, and, if so, whether material issues of fact exist as to whether any fiduciary duty was breached by it. The first issue does not seem to be contested by Allen. In fact, the facts necessary to determine whether Allen is a fiduciary under the plan are identical to those which go to determine whether Allen is a plan administrator. ERISA defines a fiduciary with respect to the plan as someone who has any discretionary authority over the administration of the plan. *See* 29 U.S.C. § 1002(21)(A). Therefore, because, as analyzed in part II.A.2. above, the facts show that Allen was a plan administrator seeing that it maintained discretionary authority under the plan, then it necessarily follows that Allen is also a fiduciary under ERISA.

There is disputed evidence as to whether Allen provided Hamilton with the necessary forms and information for her to bring her claim on time. If the failure to convey such data is a breach of a fiduciary duty, then this issue is ripe for jury determination. Precedent indicates that Allen did have a fiduciary duty that obligated it, at the very least, to forward Hamilton's requested claim to UNUM. Particularly instructive is *Krohn v. Huron Memorial Hospital,* 173 F.3d 542 (6th Cir.1999). In *Krohn,* the employer failed to submit a disability application, which was brought to it by a covered employee, to the insurer upon the belief that the employee was not interested in applying for benefits. *See id.* at 546. The *Krohn* court held that the employer was not entitled to second-guess the employee's intentions and had to forward the request to the insurer, and a failure to do so constituted a breach of a fiduciary duty. *See id.* at 551-52. Equally instructive is ERISA itself which states that a plan administrator is performing a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits. *See* 29 U.S.C. § 1104(a)(1)(D).

Allen tries to distinguish the facts of *Krohn* by pointing out that eventually, once Hamilton gave it

a completed claim application, it forwarded it to UNUM. This ignores Hamilton's contention that Allen should have forwarded the request when Hamilton initially went to Lee within the period which would have saved her claim from being untimely.

In this case, like in *Krohn,* the employer made a decision regarding whether or not to convey information to the insurance company. Such a failure resulted in the loss of benefits for the employee. In *Krohn* it was the failure to mail the completed claim form; here, it is the refusal to contact the insurance company on the grounds that Lee believed that Hamilton had no claim. Therefore Allen performed a fiduciary act and is liable if such an act is deemed wrongful.

Allen is also incorrect in its argument that failure to disclose information to Hamilton does not rise to the level of a fiduciary duty. Precedent states that a "fiduciary must give complete and accurate information in response to participants' questions." *Drennan v. General Motors Corp.,* 977 F.2d 246, 251 (6th Cir.1992). Even though Allen is correct in noting that the Supreme Court explicitly declined to decide this issue, *see Varity,* 516 U.S. at 506, 116 S.Ct. 1065, Allen cannot point to any case stating the opposite conclusion of the *Drennan* (and *Krohn* ) decisions. As such, Allen's failure to disclose information to Hamilton, if true, is also a breach of a fiduciary duty.

Allen is, however, correct in its assertion that Hamilton's claim that Allen should have provided claim forms to her does not reach the level of a fiduciary duty. ERISA specifies that the plan administrator must furnish, on written request, any information regarding the operation of the plan. *See* 29 U.S.C. § 1024(b)(4). It is undisputed that Hamilton never presented a written request for the claim forms, nor is it disputed that precedent has established that claim forms do not fall within the category of documents covered by § 1024. *See Allinder v. Inter-City Products Corp. (USA),* 152 F.3d 544, 548-50 (6th Cir.1998). Therefore, Allen did not have a fiduciary duty to provide Hamilton with claim forms without prior proper solicitation by Hamilton.

In sum, the district court erred in dismissing Hamilton's wrongful termination claim because Eleventh Circuit law states that such claims are properly asserted against the employer who acts as a plan administrator. The district court also erred in granting summary judgment for Allen on Hamilton's breach of fiduciary duty claims because it relied on a reversed case, and because most of the acts that Hamilton has alleged Allen committed fall under the rubric of fiduciary acts.

III

For the foregoing reasons, we REVERSE the district court's decision on both issues and REMAND for further proceedings consistent with this opinion.[1]

---

[1] Arguably, there has been no discovery on the breach of fiduciary duty claim. While the relevant discovery on this claim is likely to overlap with that of the claim for wrongful denial of benefits, the district court on remand always has the ability to reopen discovery on the motion of either party.