**Jack L. JEFFRIES, Plaintiff,**

v.

**TRUSTEES OF THE NORTHROP GRUMMAN SAVINGS & INVESTMENT PLAN, who are presently unknown persons, and Northrop Grumman Corporation, Defendant.**

No. 5:00–CV–599–1(WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 23, 2001.

Bradley G. Pyles, Macon, GA, for plaintiff.

Randall A. Constantine, Atlanta, GA, for defendant.

## ORDER

OWENS, District Judge.

Before the Court is Defendants' Motion to Dismiss [Tab 10]. Plaintiff has filed a Complaint for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

## I. FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times Plaintiff was employed by Northrop Grumman Corporation ("Northrop Grumman") and was a participant in the Northrop Grumman Savings and Investment Plan ("the Plan"), a pension plan within the meaning of § 3(2) of ERISA, 29 U.S.C. § 1002(2). While he was married, his wife forged his signature on two separate occasions and obtained a total of $79,740.54 from his pension account.[1]

On March 11, 1997, Plaintiff sent a letter to Defendants, requesting a refund of the full amount withdrawn plus any lost earnings. Defendants replied by letter on May 8, 1997, denying Plaintiff's request. Defendants informed Plaintiff that the request had been treated as a claim for benefits and that any appeal must be pursued according to the Plan's procedure laid out in § 1614. Plaintiff appealed Defendants' decision in a letter dated June 27, 1997, in accordance with § 1614. Defendants then engaged in settlement negotiations with Plaintiff, but Plaintiff rejected their offer on August 5, 1997, and continued his appeal. On November 20, 1997, Plaintiff wrote another letter demanding a decision in response to his appeal. Defendants did not respond. Plaintiff wrote a

final letter on June 17, 1999, demanding a response, but Defendants never responded.

Plaintiff filed a Complaint with this Court on December 27, 2000, alleging breach of fiduciary duty. Defendants moved to dismiss the action for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants claim (1) the statute of limitations bars the suit and (2) Northrop Grumman Corporation ("Northrop Grumman") is not a proper defendant under ERISA. Plaintiff filed a timely Response [Tab 12], and Defendants filed a timely Reply [Tab 13].

## II. DISCUSSION

As Plaintiff pointed out in his Response, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is ... 'exceedingly low.'" *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Devel.,* 711 F.2d 989, 995 (11th Cir.1983)). "A motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. The allegations in the complaint must be taken as true for purposes of the motion to dismiss." *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990) (citations omitted).

### A. Statute of Limitations

Defendants and Plaintiffs agree that, under ERISA, the applicable statute of limitations for bringing an action for breach of fiduciary duty is governed by 29 U.S.C. § 1113(2), which provides in pertinent part: "No action may be commenced ...

---

1. Plaintiff has since divorced.

after ... three years after the earliest date on which the plaintiff had actual knowledge of the breach." Defendants contend that the latest date Plaintiff had actual knowledge of the alleged breach is March 11, 1997, when he first sought restoration of the funds withdrawn. If so, they argue, the three-year statutory period expired on March 11, 2000. Alternatively, they contend that, even if the three-year period was equitably tolled while Plaintiff exhausted his administrative remedies, the three-year period resumed running on the date the appeal was deemed denied. Defendants point to regulations 29 C.F.R. §§ 2560.503–1(h)(4) and (h)(1), which provide that an appeal is deemed denied if a decision on review is not furnished within 60 days (unless Plaintiff is notified that a hearing or other proceeding is required, in which case the appeal is deemed denied in 120 days). *See also* § 1614 of the SIP Plan (stating Plaintiff will be notified if more than 60 days is needed). Because Plaintiff appealed Defendants' initial decision on June 27, 1997, and Defendants had not furnished a written response by August 26, 1997, Defendants argue that Plaintiff exhausted his administrative remedies on that date. Thus, the three-year period would have expired on August 26, 2000.

■ "While ERISA and COBRA preempt state law, Congress has authorized federal courts to create federal common law to implement these statutory schemes.... The Supreme Court has recognized the power of federal courts to read equitable tolling principles into every federal statute of limitation, unless it would be inconsistent with the legislative purpose to do so." *Branch v. G. Bernd Co.*, 955 F.2d 1574, 1580 (11th Cir.1992) (citations and internal quotations omitted). The Eleventh Circuit has not directly addressed the issue of equitable tolling while a plaintiff engages in this administrative process. However, the Eleventh Circuit

has held that ERISA plaintiffs should be required to exhaust administrative remedies before bringing suit in federal court. *See Perrino v. Southern Bell Telephone & Telegraph Co.*, 209 F.3d 1309, 1315–16 (11th Cir.2000); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir.1985).

■ The Fifth Circuit addressed equitable tolling in *Radford v. General Dynamics Corp.*, 151 F.3d 396 (5th Cir.1998). While that appellate court held the statute of limitations would not be tolled even though the Circuit required exhaustion of administrative remedies, this Court finds the dissenting opinion of Judge Parker to be better reasoned: "Common sense and basic fairness dictates that if we are willing to read in an exhaustion requirement, we must toll the limitations period while exhaustion occurs." *Id.* at 401. Other district courts have reached the same conclusion as the Fifth Circuit. *See Mitchell v. Shearson Lehman Bros., Inc.*, No. 97 CIV. 0526(MBM), 1997 WL 277381, at *5 (S.D.N.Y. May 27, 1997) (finding it "simply illogical" not to toll the limitations period when requiring administrative exhaustion, for otherwise, a cause of action could accrue and be immediately subject to dismissal); *Hoffman v. Central States SE & SW Areas Pension Fund*, No. 90 CV 4132, 1992 WL 336376, at *9 (N.D.Ill. May 8, 1992) ("[A] policy favoring exhaustion of remedies is undermined unless the statute of limitations is tolled during the period of exhaustion."). Therefore, the Court holds the statute of limitations was tolled while Plaintiff exhausted his administrative remedies.

So, when were the administrative remedies exhausted? Defendants argue that 29 C.F.R. §§ 2560.503–1(h)(1)(i) and (h)(4) governs the exhaustion of the administrative appeal by declaring a claim shall be deemed denied if a decision on review is

not furnished within 60 days of the appeal. However, this regulation deals specifically with "procedures pertaining to claims by participants and beneficiaries (claimants) for plan benefits, consideration of such claims, and review of claim denials." 29 C.F.R. § 2560.503–1(a). Here, Plaintiff's claim was not one for benefits. Plaintiff is not asking for disbursement of funds from his account. Rather, he is asking for restoration of funds to his account. He does not complain that the Plan refused to make authorized payments. Instead, he complains that they did make unauthorized payments. Defendants may not have known exactly how to classify an appeal of this nature, so they decided to treat it as one from a denied claim for benefits, and Plaintiffs complied with that procedure. Nonetheless, this claim is significantly different and should be reviewed accordingly. Therefore, the regulations governing claims procedures are inapplicable.

■ Because there is no specific regulation governing the time allowed to render a decision for an appeal of this nature, the administrative process should be deemed exhausted only after it became apparent Plaintiff's efforts to seek an administrative remedy were futile. *Cf. Theil v. United Healthcare of the Midlands*, No. 8:00CV426, 2001 WL 574637, at *3 (D.Neb. Jan.23, 2001) (holding Plaintiff is excused from exhaustion requirement once it appears pursuit of administrative remedies would be futile). To make this determination, the Court will apply a "reasonable" standard.

Here, Plaintiff and Defendants engaged in settlement negotiations after Plaintiff filed his first appeal. Defendants offered to restore the amount of withdrawals, but they refused to pay any earnings that would have accrued but for the wrongful withdrawals. Thus, Plaintiff rejected the settlement offer on August 5, 1997, choosing instead to continue his appeal. When he heard nothing more from Defendants, he sent a second letter on November 20, 1997. Still, Defendants did not respond. His third and last letter was sent June 17, 1999, and this suit was filed December 27, 2000.

The Court finds the second letter to be a reasonable follow-up inquiry to Plaintiff's appeal. After engaging in settlement negotiations, it was reasonable for Plaintiff to expect a second settlement offer, or perhaps even a decision in his favor. Such negotiations could be legitimately expected to take a few months to arrange, for it is evident this claim was not a "usual" one, given that there are no appeals procedures directly addressing this sort of claim. Accordingly, the second letter was not a futile effort on Plaintiff's part; he was trying to spur Defendants to act. After sending the second letter, Plaintiff was then entitled to wait a reasonable time for a response before determining his efforts were futile. While the period between the second and third letters was unreasonably long, and the third letter was arguably an exercise in futility, the Court finds Plaintiff's administrative remedies were not exhausted due to futility until sometime in early 1998. Thus, Plaintiff's Complaint, filed on December 27, 2000, was timely filed.

## B. Northrop Grumman as Defendant

Defendants contend that Plaintiff has alleged no wrongdoing by Northrop Grumman. Plaintiff contends that, under the Plan, Northrop Grumman is the administrator in charge and control of the employee retirement plan and that the Complaint contained sufficient facts to supply Northrop Grumman with notice of the claim against it. According to Plaintiff, the Board of Directors of Northrop Grumman appoints the Plan's Administrative Committee, who serve as the Plan's Administrator, and the Investment Committee,

who manage and invest the Plan's funds. Plaintiff also contends that Northrop Grumman controls the day-to-day administration of the Plan through its Pension, Savings and Welfare Trust Administration Department.

The Eleventh Circuit has ruled that 29 U.S.C. § 1132(a)(1)(B) "confers a right to sue the plan administrator for recovery of benefits. Therefore, if the employer is administering the plan, then it can be held liable for ERISA violations." *Hamilton v. Allen–Bradley Co.*, 244 F.3d 819, 824 (2001) (citations omitted). Additionally, the Court noted, "Proof of who is the plan administrator may come from the plan document." *Id.* The same Court also directed that, as long as the complaint outlined sufficient facts to put the party on notice, the party has notice of the claims therein. *Id.* at 825.

 In the case at bar, Plaintiff has provided exhibits that support its contentions that the Board of Directors of Northrop Grumman appoints the Plan's Administrative Committee and Investment Committee and that Northrop Grumman's Pension, Savings and Welfare Trust Administration Department controls the daily

administration of the Plan.[2] This information is sufficient for purposes of a Motion to Dismiss to establish that Northrop Grumman is the Plan Administrator. Furthermore, in his Complaint, Plaintiff set forth sufficient facts to put Northrop Grumman on notice of the claim against it. Accordingly, the Court finds Northrop Grumman is a proper defendant in this action.

## CONCLUSION

The Court finds that the statute of limitations was tolled while Plaintiff exhausted his administrative remedies and that this was not a "claim for benefits" that would be governed by 29 C.F.R. §§ 2560.503–1(h)(4) and (h)(1). The Court further finds that Northrop Grumman is a proper party defendant. Accordingly, the Court hereby DENIES Defendants' Motion to Dismiss.

---

**2.** *See* Exhibit 1, p. 19 (Board of Directors of Northrop Grumman appoints Administrative Committee and Investment Committee); Exhibit 8, p. 17 ( Northrop Grumman controls the daily administration of the Plan through its Pension, Savings and Welfare Trust Ad-

ministration Department and Plan Administrator is Northrop Savings Plan's Administrative Committee).