[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13913
Non-Argument Calendar

_____

D. C. Docket No. 05-00100-CV-CAP-1

TERESA VEGTER,

Plaintiff-Appellant,

versus

CANADA LIFE ASSURANCE CO.,

Defendant-Appellee,

COMMUNITY HEALTH SYSTEMS, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 9, 2009)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This case involves a company's denial of employee disability benefits.[1] Teresa Vegter, proceeding pro se, sued Canada Life Assurance Co. ("Canada Life"), asserting claims under state law – claims for loss of earnings and mental anguish – and claims for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. The district court granted Canada Life summary judgment, and Vegter appeals. She presents several arguments for reversal: the district court erred (1) in holding that she did not have a Seventh Amendment right to have a jury decide her ERISA claims; (2) in concluding that res judicata barred her state law claims; (3) in denying her claims for long-term disability ("LTD"), short-term disability ("STD"), and concurrent disability benefits; and (4) in concluding that her STD claim was barred by the employee welfare benefit plan's ("the Plan") economic loss provision. We consider and dispose of Vegter's arguments in order.

(1) Vegter did not have a Seventh Amendment right to a jury trial on her ERISA claims because the statute provides for equitable, not legal, remedies. Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1527 (11th Cir. 1996).

(2) Res judicata bars a party from relitigating a claim that was, or could

---

[1] The disability in this case appears to have been "anxiety state unspecified" or depression.

2

have been, presented in a previous suit between the parties that resulted in a final judgment on the merits. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). The district court correctly held that Vegter's state law claims were barred by res judicata. The same claims were asserted by her, and dismissed by the court on the merits, in an earlier law suit she brought against Canada Life.

(3) Vegter challenges the court's summary judgment disposition of her claims for LTD, STD, and concurrent disability benefits.[2] She admits in her brief that she was not entitled to concurrent disability benefits; hence, we only address the claims for LTD and STD benefits.

A plan administrator has fiduciary duties under ERISA. Piazza v. Ebsco Industries, Inc., 273 F.3d 1341, 1350 (11th Cir. 2001). As a fiduciary, the administrator is required to discharge its duties under a plan

> 'solely in the interest of the participants and beneficiaries . . . for the exclusive purpose of . . . providing benefits to participants and their beneficiaries . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'

Hamilton v. Allen-Bradley Co., Inc., 244 F.3d 819, 825 (11th Cir. 2001) (quoting 29 U.S.C. § 1104(a)(1)). On the form Vegter filed with Canada Life, she presented

---

[2] In reviewing the court's decision, we consider the evidence in the record in the light most favorable to Vegter, the non-movant.

3

only a STD claim, not a LTD claim. The court therefore did not err in granting the company summary judgment on the latter claim.

The district court rejected Vegter's claim for STD benefits because "Vegter did not present *any* evidence that she was disabled from her position prior to her termination for poor performance." Order, Vol. 5, at Tab 85, at 24. Moreover, it was clear from "the evidence in the record . . . that Vegter's loss of income was not attributable to her alleged disability; it was due to her termination." Id. at 23.[3]

Vegter has presented no basis for disturbing the district court's summary judgment in this case. It is therefore

**AFFIRMED.**

---

[3] The court added that Vegter's post-hoc allegations of hyperthyroidism are largely irrelevant and appear to have been introduced solely to bolster a claim that appeared more and more likely to fail." Id. at 27.