[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13515
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00267-AT


W. A. GRIFFIN, MD,

Plaintiff - Appellant,

versus

LOCKHEED MARTIN CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 11, 2016)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Dr. W.A. Griffin appeals the district court's grant of judgment on the pleadings under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).  After careful consideration, we affirm.[1]

## I.

Dr. Griffin, who operates a dermatology practice in Atlanta, Georgia, treated a patient insured under a Lockheed Martin Corporation ("Lockheed") sponsored group health benefit plan (the "Plan").[2]  Dr. Griffin is an out-of-network provider under the Plan.  She required the patient to execute an assignment of benefits that "assign[ed] and convey[ed]" to her "all medical benefits and/or insurance

---

[1] Dr. Griffin's motion for expedited consideration, a three-judge panel, and a published opinion is also pending before us.  We deny her motion.  Her request for a three-judge panel is moot because our rules provide that she is entitled to a three-judge panel.  *See* 11th Cir. R. 34-2, 34-3(e).  As regards her request for a published opinion, our rules provide that "[a]n opinion shall be unpublished unless a majority of the panel decides to publish it."  11th Cir. R. 36-2.  In this case, the panel decided not to publish.  While our rules do permit a party to file a motion requesting that a previously unpublished order be published, they provide that the motion shall be granted only if the panel unanimously agrees to publish.  11th Cir. R. 36-3.  Construing Dr. Griffin's motion as requesting publication under Rule 36-3, the request is premature, and we deny it.  Further, we deny her request for expedited consideration as moot.

[2] On a review of a motion for judgment on the pleadings, we accept the well-pled allegations in the complaint as true and view them in the light most favorable to Dr. Griffin.  *See Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  We may consider the Assignment of Benefits because Dr. Griffin attached the document to the complaint, making it "a part of the [complaint] for all purposes."  Fed. R. Civ. P. 10(c).  We also consider Lockheed's Master Plan Document and Summary Plan Description, which Lockheed attached to its answer, because these documents are central to Dr. Griffin's complaint and their authenticity is undisputed.  *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002).

reimbursement, if any, otherwise payable . . . for services rendered from [Dr. Griffin], regardless of [her] managed care network participation status." Legal Assignment of Benefits (Doc. 1).[3] The assignment stated that it is "valid for all administrative and judicial review under . . . ERISA." *Id.*

The Plan is an employee welfare benefit plan under ERISA that provides its participants with medical-related benefits. Lockheed is the plan sponsor, and Blue Cross Blue Shield of Georgia ("BCBSGA") is the claims administrator. The Master Plan Document set forth the terms and conditions of the agreement between Lockheed and its employee participants. It contains an alienation clause that prohibits a plan participant or beneficiary from assigning "benefits provided under the Plan[] . . . except to a provider of services for which payment is due." Master Plan Document at 9 (Doc. 4-1).

Dr. Griffin's patient was insured under the Plan. Pursuant to the patient's assignment, Dr. Griffin submitted a claim to BCBSGA, which was denied. Dr. Griffin filed an administrative appeal with BCBSGA, which was also denied. She then demanded BCBSGA submit her claim to an independent review organization for external review. BCBSGA never responded to her request.

Dr. Griffin sued Lockheed in federal court, bringing causes of action under ERISA for (1) unpaid benefits, (2) breach of fiduciary duty, and (3) breach of

---

[3] Citations to "Doc." refer to docket entries in the district court record in this case.

contract based on Lockheed's breach of its fiduciary duty.  Lockheed filed an answer and then a motion for judgment on the pleadings.  While the motion for judgment on the pleadings was pending, Dr. Griffin sought leave to amend her complaint to add an additional cause of action based upon co-fiduciary liability under ERISA.  The district court granted the motion for judgment on the pleadings and denied the motion to amend, concluding that (1) Dr. Griffin failed to state a claim against Lockheed for unpaid benefits under the Plan because Lockheed lacked discretion to award the benefits at issue and (2) Dr. Griffin lacked statutory standing to pursue the other causes of action because the assignment from her patient transferred only the right to bring a claim for unpaid benefits.  The district court then entered a judgment dismissing the case.  This appeal followed.

## II.

We review *de novo* an order granting judgment on the pleadings.  *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2011).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Id.*  In reviewing an order granting judgment on the pleadings, "we accept as true all material facts alleged in the non-moving party's pleadings, and we view those facts in the light most favorable to the non-moving party."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  In addition, "[p]ro se pleadings are held to a less stringent

4

standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks omitted).

## III.

We begin by considering the district court's determination that Dr. Griffin failed to state a claim against Lockheed for unpaid benefits. We agree with the district court that Dr. Griffin failed to state a claim against Lockheed for unpaid benefits because Lockheed lacked discretion to award the benefits at issue.

ERISA permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Dr. Griffin acquired derivative standing to sue under ERISA for unpaid benefits by obtaining a written assignment from her patient of the right to payment of medical benefits. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1347 (11th Cir. 2009).

For a plaintiff to state a claim for unpaid benefits under § 1132(a)(1)(B), the defendant must have discretion to award the benefits at issue. In other words, "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). Proof of the entity that controls the administration of the plan "may come from the plan document, but can also come

5

from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824 (11th Cir. 2001).

Dr. Griffin asserts that Lockheed is a proper defendant because it had discretion to award the benefits at issue. More specifically, she asserts that the plan documents show that Lockheed shared authority with BCBSGA to pay benefits and determine claims. We disagree. The Master Plan Document reflects that Lockheed had no responsibility for determining whether benefits are payable under the Plan or the amount of benefits payable. Instead, BCBSGA alone had the authority to make these determinations. The Master Plan Document gave Lockheed the authority to supervise "[t]he administration of the Plan . . . *except* to the extent delegated to a Claims Administrator." Master Plan Document at 4 (Doc. 4-1) (emphasis added). The Master Plan Document in turn delegated to the claims administrator—that is, BCBSGA—the responsibility "for determining whether benefits are payable under a Plan [and] determining amounts of benefits, if any, payable under the Plan." *Id.* at 5; *see id.* at 26 (explaining the "claims administrator . . . is responsible for determining whether benefits are payable under the Plan, determining the amount of benefits payable, if any, and deciding appeals of denied claims for benefits"). The Master Plan Document also made clear that the claims administrator had "full discretionary authority to interpret and construe

6

the terms of the Plan, which interpretation shall be final, conclusive, and binding on all parties." *Id.* at 5.[4]

Because the plan documents show that Lockheed lacked discretionary authority to determine Dr. Griffin's claim for reimbursement and there is no factual allegation that Lockheed actually took part in the payment of claims generally or in the denial of Dr. Griffin's claim, we hold that Lockheed was not the proper party defendant to the cause of action for unpaid benefits. Accordingly, the district court correctly dismissed this cause of action.

### B.

We now turn to whether the district court properly dismissed Dr. Griffin's remaining causes of action for lack of standing. In Count 2, Dr. Griffin sued for breach of fiduciary duty, but ERISA limits the right to sue for breach of fiduciary duty to plan participants, plan beneficiaries, plan fiduciaries, and the Secretary of Labor. 29 U.S.C. § 1132(a)(2). In Count 3, Dr. Griffin sued for breach of contract and sought equitable relief, but under ERISA only plan participants, plan beneficiaries, and plan fiduciaries may bring a civil action to obtain equitable relief to redress a practice that violates ERISA or the terms of a plan. *Id.* § 1132(a)(3).

---

[4] Dr. Griffin suggests that the Summary Plan Description shows that Lockheed Martin retained authority to determine benefits. But the language she relies on shows only that Lockheed Martin retained discretion to make *eligibility* determinations about who qualified as a plan participant or beneficiary, not that Lockheed Martin retained discretion to make *claims* determinations for eligible participants.

Dr. Griffin asserts that she acquired derivative standing to bring these causes of action through her patient's assignment.  We disagree.

An assignee may obtain derivative standing through a written assignment from a plan participant or plan beneficiary.  *See Gables Ins. Recovery v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1339 (11th Cir. 2015).  Dr. Griffin's patient agreed only to "assign and convey . . . all medical benefits and/or insurance reimbursement."  Legal Assignment of Benefits (Doc. 1).  Nothing in the assignment transferred the patient's right to bring a cause of action for breach of fiduciary duty or to seek equitable relief to redress a practice that violates ERISA or the terms of the Plan.  Because the patient never transferred to Dr. Griffin these rights, the district court correctly determined that Dr. Griffin lacked standing to assert the causes of action set forth in Counts 2 and 3.

IV.

We conclude that the district court properly granted Lockheed's motion for judgment on the pleadings.  Accordingly, we affirm.[5]

**AFFIRMED.**

---

[5] Dr. Griffin also argues that the district court erred in denying her motion to amend her complaint to add an additional cause of action under ERISA.  We review the district court's denial of a motion to amend a complaint for abuse of discretion, but we review *de novo* whether the proposed amendment to the complaint would be futile.  *See Harris v. Ivax Corp.*, 182 F.3d 799, 802-03 (11th Cir. 1999).  Because Dr. Griffin lacked standing to bring her co-fiduciary liability claim, the proposed amendment would be futile.  Thus, the district court properly denied the motion to amend.