Clarence R. MILLION, Plaintiff–Appellant,

v.

THE TRUSTEES OF THE CENTRAL STATES, SOUTHEAST AND SOUTH-WEST AREAS PENSION FUND, et al., Defendants–Appellees,

No. 01–3542.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2002.

Before GUY and BATCHELDER, Circuit Judges; and QUIST, District Judge.*

PER CURIAM.

Plaintiff, Clarence R. Million ("Million"), appeals the district court's order and judgment granting Defendants' motion for summary judgment on Million's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, alleging breach of fiduciary duty. We AFFIRM.

## I.

Million is a participant in the Central States, Southeast and Southwest Areas Pension Fund (the "Fund" or "Plan"), a multi-employer pension plan administered by a group of trustees (the "Trustees") selected by the employee participants and their employers. Pursuant to the Plan document in effect in 1985, Million was entitled to a pension benefit of $1,000.00 per month. Million's eligibility for benefits was based, at least in part, upon contributions he made ("self-contributions") in lieu of employer contributions.

In 1991, the Trustees amended the Plan to create a class of employees who were eligible for pension benefits of $2,000.00 per month. The amendment also precluded the use of self-contributions to establish eligibility for the increased benefit.[1] Million was thus excluded from receiving the increased benefit by virtue of his self-contributions.

In July 1994, the Fund advised Million that he would qualify to receive a pension benefit of $1,000 per month if he made a self-payment of $8,359.06. Million paid the contribution amount, and his benefit was approved in November 1994. In December 1994, Million appealed the determination of benefits in accordance with the administrative review process contained in the Plan, claiming that his monthly benefit should be $2,000.00 rather than $1,000.00. Million's appeal was rejected by the Benefits Claim Review Committee and the Benefits Claim Appeals Committee.

In March 1997, Million filed a complaint ("Million I") naming the Fund as a defendant. On December 18, 1998, the district court entered a memorandum order and judgment granting the Fund summary judgment on Million's claims. Attempting to discern the basis of Million's claim, the district court held that his claim was not for benefits under the Plan pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), because Million was already receiving all the benefits to which he was entitled under the Plan. The district court also held that Million could not sue the Plan for breach of fiduciary duty pursuant to § 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), because such a claim would lie against the Trustees rather than the Plan. Million did not appeal the district court's ruling.

On August 5, 1999, Million filed a four-count complaint against the Fund and the Trustees. alleging that they breached their fiduciary duties under § 404(a) of ERISA, 29 U.S.C. § 1104(a), when they adopted the amendment to the Plan by: (1) violating their duty under the Trust Agreement to provide the largest benefit possible; (2) failing to administer the Plan fairly and equally and without discriminating against any participant or group of participants; (3) treating self-contributions differently from employer contributions; and (4) en-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

1. To qualify for the increased benefit, participants were required to have at least five days of employer contributions after April 1, 1991.

acting an arbitrary and capricious amendment making it possible for some participants to receive a higher pension amount (than participants relying solely on self-contributions) with a lesser amount of total contributions. For relief, Million sought entry of a judgment declaring the 1991 amendment to be ineffective and ordering the Plan and the Trustees to grant him benefits of $2,000.00 per month and to pay him $1,000.00 per month for each month that he had received only $1,000.00. On December 17, 1999, the district court granted in part and denied in part the Plan and the Trustees' motion for summary judgment. The district court concluded that the claim against the Plan was barred by the judgment in Million I, but the claim against the Trustees was not barred because the Trustees were not parties in Million I. On April 26, 2001, the district court granted summary judgment to the Trustees on the grounds that Million's claims were barred by the six-year/three-year statute of limitations set forth in § 413 of ERISA, 29 U.S.C. § 1113, for breach of fiduciary duty claims.[2] The district court held that the claims alleged in the second, third, and fourth counts were not filed within the six-year period because they were based upon the July 16, 1991, Plan amendment and the complaint was not filed until 1999. With regard to the first count, the district court held that while that claim was arguably based upon an omission for which the limitations period would not have yet run, the claim was barred within the three-year period be-

cause Million was aware of the basis for his claim as of October 12, 1994.

## II.

This Court reviews a district court's grant of summary judgment de novo, using the same standard employed by the district court. *Meade v. Pension Appeals & Review Comm.*, 966 F.2d 190, 192 (6th Cir.1992). "Summary judgment is proper if the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir.2001) (citations omitted). "We consider all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *Id.*

■ Million's primary argument on appeal is that the district court erred in applying the statute of limitations for breach of fiduciary duty claims to his claims because his claims are, in substance, claims for benefits to which the Ohio fifteen-year limitations period applies. We find this argument unavailing. Million's claims, as set forth in his complaint, plainly show that what he is alleging are violations of § 404(a), which defines the contours of the prudent man standard of care component of a fiduciary's obligations to participants and beneficiaries. *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1299 (3d Cir.1993). In fact, each of the four counts in the

---

2. The statute of limitations provision states:

No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the

fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

complaint specifically references that section.

Million concedes that he is not entitled to benefits under the current terms of the Plan, but argues that he will be entitled to benefits under the Plan once it is reformed to comply with the "largest benefit possible" requirement of the Trust Agreement. Still, regardless of how they are characterized, the cornerstone of Million's claims is that the Trustees violated the Plan (including the Trust Agreement) by adopting the amendment at issue-a violation of fiduciary duty as set forth in § 404(a). *See* 29 U.S.C. § 1104(a)(1)(D). Thus, the district court properly found Million's claims analogous to those in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), where a group of participants and beneficiaries sued their former employer, which was also the plan administrator of their former welfare benefit plan, alleging that their employer breached its fiduciary duties under ERISA by duping them into withdrawing from the plan and forfeiting their benefits. Because the plaintiffs were no longer participants in the plan, they sought equitable relief pursuant to ERISA § 502(a)(3) in the form of reinstatement as participants in the plan. *Id.* at 515, 116 S.Ct. at 1079. The Supreme Court held that the plaintiffs' claims seeking equitable relief for breaches of fiduciary duty were cognizable under § 502(a)(3). *Id.* at 509-15, 116 S.Ct. at 1076-79. Similarly, in this case, Million seeks appropriate equitable relief pursuant to § 502(a)(3) based upon the Trustees' breaches of fiduciary duty and, like the plaintiffs in *Varity Corp.*, he must resort to that provision because he is not entitled to benefits under § 502(a)(1)(B).

In another attempt to avoid ERISA's statute of limitations, Million argues that some breaches of fiduciary duty are not governed by 29 U.S.C. § 1113. In spite of his numerous citations, Million has failed to bring any case to our attention in which a different statute of limitations was applied to a breach of fiduciary duty claim. Moreover, § 1113 states that it applies to actions for violations of Part 4 of ERISA, which includes § 404(a)-the basis of Million's claims. *Barrs v. Lockheed Martin Corp.*, 287 F.3d 202, 207 (1st Cir.2002) ("ERISA's specific statutory duties are not meant to be exhaustive of a fiduciary's obligations; federal courts are expected to flesh out ERISA's general fiduciary duty clause, 29 U.S.C. § 1104(a)."). Million's claim is one for breach of fiduciary duty and not for benefits under the Plan. Thus, the district court did not err in applying ERISA's statute of limitations to Million's claims. *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 399 (5th Cir.1998).

Million also argues that the district court erred in holding that he had actual knowledge of the Plan amendment no later than October 1994. In determining whether a plaintiff has actual knowledge for purposes of § 1113, "the relevant knowledge for triggering the statute of limitations is knowledge of the *facts* or *transaction* that constituted the alleged violation. Consequently, it is not necessary for a potential plaintiff to have knowledge of every last detail of a transaction, or knowledge of its illegality." *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1086 (7th Cir.1992); *see also Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3d Cir.1992) (stating that the standard is met where the plaintiff has "actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts, knowledge of a transaction's harmful consequences, or even actual harm") (citation omitted).

The record in this case provides ample support for the district court's con-

clusion that Million had actual knowledge in late 1994. The evidence included a letter dated October 12, 1994, from a pension analyst to Million's counsel advising that Million did not qualify for the increase pension amount because his self-contributions did not satisfy the requirements for that benefit. The letter also stated,

> Mr. Kuczak, at this time we can not send you a current Pension Plan with new benefits rules and any changes in the self-contribution[s] rules, since it has not been printed. We have, however, enclosed a copy of the Special Bulletin 94–7 which covers the revised pension self-contribution rules, as mentioned.

This evidence shows that Million's counsel had all the information necessary to determine whether Million had a viable breach of fiduciary duty claim based upon the adoption of an amendment to the Plan. Any remaining doubt of actual knowledge is put to rest by a letter from Million's counsel to the Fund dated December 16, 1994, which stated:

> It appears that Mr. Million has been treated in a discriminatory fashion by the administrators of the plan by the enactment and implementation of a "self-payment" rule which discriminates against individuals who pay their own payments in favor of individuals who have payments made on their behalf by employers, even though these payments might be in the same identical amount.

Therefore, the district court did not err in concluding that Million's first claim, premised upon an alleged omission, is barred by the three-year statute.

### III.

Accordingly, the district court's judgment is **AFFIRMED**.