979 F.2d 191
 61 USLW 2408, 24 Fed.R.Serv.3d 377,
16 Employee Benefits Cas. 1101
 Harvey J. ROSEN, an individual suing in his own behalf and
on behalf of all other persons similarly situated,
Plaintiff-Appellant,
v.
TRW, INC., singularly and as Successor in Interest To
Chilton Corporation, Defendant-Appellant.
 No. 91-9092.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 11, 1992.
 
 Joel Steven Arogeti, Frankel Hardwick Tanenbaum & Fink, McNeill Stokes, Stokes & Murphy, Atlanta, Ga., for plaintiff-appellant.
 Diane E. Stanton, Jackson Lewis Schnitzler & Krupman, Orlando, Fla., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before KRAVITCH and COX, Circuit Judges, and DYER, Senior Circuit Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 Appellant Harvey Rosen was employed by the Chilton Corporation from 1986 to 1989. On or about March 1, 1984, Chilton adopted an Executive Security Plan (ESP), an employee welfare plan as defined by ERISA, 29 U.S.C. §§ 1002(1) and 1002(2)(A). In August 1986, appellant became a participant in the ESP and began making monthly payments. In March of 1989, appellee TRW acquired all of the stock of Chilton and became the successor in interest to Chilton under the ESP.
 
 
 2
 The ESP provides that upon the involuntary termination of three plan participants within a twelve-month period, the death benefit will become applicable to all participants, including those terminated. On March 1, 1989, Rosen's employment was terminated without cause and he contended that at least three officers of TRW were involuntarily terminated within the year. Rosen requested a distribution of benefits and his request was denied. Subsequently, Rosen commenced this action to compel payment.
 
 
 3
 Rosen filed a complaint in the district court for the Northern District of Georgia against TRW, an Ohio corporation, alleging that he had been denied benefits owed under the terms of the ESP in violation of ERISA. Rosen did not name either the ESP or the Administrative Committee of the ESP as defendants in his complaint. Upon TRW's motion, the district court dismissed Rosen's ERISA claim for benefits, finding that Rosen had failed to sue the proper party. The district court held as a matter of law that TRW was an improper party to this action. Rosen then filed a Motion for Reconsideration, or, in the Alternative, A Motion to Vacate Order and Judgment and for Leave to File an Amended Complaint. The district court denied these motions and Rosen appealed to this court.
 
 
 4
 In reaching its decision that TRW was an improper party to the suit, the district court relied on the statutory provisions of ERISA. ERISA provides that a money judgment against an employee benefit plan is only enforceable against the plan as an entity, unless liability against some other person is established. 29 U.S.C. § 1132(d)(1). Liability against some other person can be established by proof that the person is a plan administrator and thus responsible for decisions regarding benefits. ERISA defines the term "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16). If the plan does not designate an administrator, the employer can be deemed to be the plan administrator. Id. The statute is silent as to whether liability would attach to the employer if the named administrator is not solely responsible for the administration of the plan and the employer retains some control over decisions regarding benefits.
 
 
 5
 Based upon ERISA's definition of the plan administrator, the district court looked to the terms of the ESP for guidance as to the proper defendant. The ESP provides that
 
 
 6
 the general administration of this Program, and any plan Agreements executed hereunder, as well as Construction and Interpretation thereof, shall be vested in the Committee, the number of which shall be no less than three and members of which shall be designated and appointed from time to time by....the Board of Directors.
 
 
 7
 Amended Executive Security Program § 14.1. The ESP also states that the Committee shall establish rules and procedures for the administration of the program. Moreover, the Committee is given "the exclusive right to interpret this program or any Plan Agreements, and to decide any and all matters arising thereunder or in connection with the administration of this program." ESP at § 14.4. The district court concluded that the ESP document vested exclusive administrative power in the Administrative Committee; therefore, TRW was not liable for the denial of benefits.
 
 
 8
 The district court also relied upon the reasoning of the court in Boyer v. J.A. Majors Co. Emp. Profit Sharing Plan, 481 F.Supp. 454 (N.D.Ga.1979). In Boyer, the court held that the plan agreement and the statutory provisions of ERISA proved that the company was not the proper party. The district court in the instant case, however, overlooked the preliminary findings of the Boyer court. Before reaching the statutory requirements of ERISA, the Boyer court noted that minutes of the company's board meetings proved that the committee named by the plan agreement was "a viable, operating entity which, together with the trustee bank, was wholly responsible for administrating the profit sharing plan." Boyer, 481 F.Supp. at 458. The court also found no evidence that the company controlled the plan or its administration. Id.
 
 
 9
 Here, Rosen, in his amended complaint, alleged that the Administrative Committee is "an unincorporated, unfunded, unidentified, inactive entity, which is the alter ego of Chilton." Amended Complaint at 2 (para. 4). These facts, if proven, would distinguish this case from Boyer. Moreover, the statutory framework of ERISA fails to resolve the question of liability in the event of an inactive administrator.
 
 
 10
 This court has never addressed the question whether an employer who takes an active part in the administration of a plan can be held liable for ERISA claims. The First Circuit, however, has recently addressed this issue. See Law v. Ernst & Young, 956 F.2d 364, 373-74 (1st Cir.1992). In Law, the plaintiff sued his former employer for failing to provide information about plan benefits as required by § 1132(c) of ERISA. The court recognized that § 1002(16)(A)(i) provides that the plan administrator is the person designated in the plan documents. But the court noted that ERISA also confers on plan participants the right to have timely information about their benefits. The court reasoned that when a company holds itself out as the administrator, then it should be subject to liability "should it fail to discharge that role in a proper way." Law, 956 F.2d at 373.
 
 
 11
 The court further reasoned that its conclusion was consistent with Congress's intent to give employees a remedy when they are denied information about their ERISA benefits. If the court were to hold that an entity not named in the plan document could not be held liable, then the employee would be denied redress. The company which held itself out to be the plan administrator would be immune from suit because a committee had been named in the plan documents. The committee also would be immune from suit because the employee would have failed to request information from the committee as company employees had assumed responsibility for answering such requests. Without a formal request being made to the committee, it could not be held liable and the employee would have no redress for his grievance. Id.
 
 
 12
 Finally, the Law court noted that there was "ample evidence" from which the district court could conclude that the employer controlled the administration of the plan. Id. The plan document provided for company control over the appointment and continued service of the members of the committee. The company agreed to purchase insurance or indemnify the committee members for claims arising out of their duties as administrators. Id. Most importantly, the court focused on the fact that the company had not taken action to establish the separation of the committee from the company. The plaintiff's requests were answered by company employees using company stationery. From these letters, the district court could conclude that the company was controlling the flow of information and acting as the de facto plan administrator. Id. at 374. See also Jansen v. Greyhound, 692 F.Supp. 1022, 1025 (N.D.Iowa 1986) (company denied summary judgment because of sufficient factual issues concerning which entity is the plan administrator; letters regarding retirement benefits were sent on defendant's stationery); Foulke v. Bethlehem 1980 Salaried Pension Plan, 565 F.Supp. 882, 883 (E.D.Pa.1983) (company was denied summary judgment because letter discussing changes to the plan was written on company stationery).[1]
 
 
 13
 We agree with the reasoning of the First Circuit and we hold that if a company is administrating the plan, then it can be held liable for ERISA violations, regardless of the provisions of the plan document. We note that dismissal of Rosen's claim at this point in the litigation would deprive him of any remedy in the event that the company ultimately was found liable for assuming control of the plan's administration. Congress intended to provide a remedy for ERISA violations. The district court effectively denied such a remedy when it dismissed the case and denied leave to amend the complaint.
 
 
 14
 A complaint may not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In this case, the district court granted the company's motion to dismiss because the original complaint had failed to assert a claim upon which relief could be granted. Rosen, however, sought leave of the district court to include the claim that the company was the de facto plan administrator and the committee was an inactive entity. The district court denied his motion. Appellate review of this decision is limited to a consideration of whether the district court abused its discretion. Rhodes v. Amarillo Hospital Dist., 654 F.2d 1148, 1153 (5th Cir. Unit A, Sept. 1981); Thomas v. Farmville Mfg. Co. Inc., 705 F.2d 1307 (11th Cir.1983).
 
 
 15
 This court, however, has recognized that "a grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim." Thomas, 705 F.2d at 1307. In addition, this court has stated:
 
 
 16
 If our precedent leaves any doubt regarding [the] rule to be applied in this circuit, we now dispel that doubt by restating the rule. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.
 
 
 17
 Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991).
 
 
 18
 Moreover, Rule 15(a) of the Federal Rules of Civil Procedure requires that "leave shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) such that:
 
 
 19
 In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."
 
 
 20
 Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).
 
 
 21
 The district court denied the motion to amend the complaint on the ground that Rosen was seeking to avoid the effects of the court's dismissal of TRW as a proper defendant. The amended complaint sought to add the ESP and the Administrative Committee as defendants; however, it did not remove TRW as a defendant. The amended complaint also added the claims that the company was the alter ego of the committee and the committee was an inactive, unfunded entity.[2]
 
 
 22
 Because Rosen added these claims, it is possible that Rosen can prove facts to support his claim against TRW. Under Fed.R.Civ.P. 12(b)(6) standards, we cannot conclude that Rosen will be unable to prove that the company may be properly regarded as the plan administrator under the allegations of the proposed complaint. We express no opinion as to whether Rosen will actually establish such a claim. We merely note that the possibility exists; thus, upon reconsideration, the motion to dismiss should be vacated and the motion for leave to amend the complaint should be granted.[3]
 
 
 23
 REVERSED and REMANDED.
 
 
 
 [1]
 Some older cases hold that the company is not a proper defendant in an ERISA case solely because the plan instrument designates a plan administrator. See Higman v. Amsted Industries Inc., 2 Employee Benefits Cas., (BNA) 1948, 1949 (E.D.Pa.1981); Barnett v. Thorofare Markets, Inc., 452 F.Supp. 880, 884 (W.D.Pa.1978). We disagree with these opinions because they elevate form over substance. If the company is acting as a plan administrator, then it should be held liable for such conduct regardless of a sham designation in the plan document
 
 
 [2]
 The district court only erred in failing to allow Rosen to amend his complaint to assert the claim that the administrative committee was inactive and the company was the actual plan administrator. Rosen's original complaint failed to assert such a claim. Thus, based on the original complaint, TRW was properly dismissed as a defendant
 
 
 [3]
 We note that the issue of venue raised by the defendants has not been decided. We do not rule on the venue issue. The district court did not reach this claim because of its prior ruling concerning the proper parties to the action. Upon remand, the district court should consider whether venue is proper in the Northern District of Georgia