United States Court of Appeals,

Eleventh Circuit.

No. 96-8475.

Curtis GARREN, Plaintiff-Appellant,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.

June 10, 1997.

Appeal from the United States District Court for the Southern District of Georgia. (No. 95-192 CV 2), Anthony A. Alaimo, Judge.

Before BLACK, Circuit Judge, RONEY, Senior Circuit Judge, and BURNS[*], Senior District Judge.

PER CURIAM:

Plaintiff, Curtis Garren, appeals the dismissal of this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, in which he alleged his employment benefit plan wrongfully denied his son's medical claims. The district court made two decisions that led it to dismiss the complaint filed in this case: *first,* the defendant John Hancock Mutual Life Insurance Company is not the administrator of the Plan under which plaintiff sues and therefore cannot be liable for ERISA violations; and *second,* ERISA precludes the state law claim for tortious interference with contract. Plaintiff has failed on appeal to address either decision of the district court, choosing instead to focus only on the merits of his claim. The district court, however, never reached the merits. Nor do we in affirming the decisions and judgment of the trial court.

The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan. *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); *see* 29 U.S.C. § 1132(d)(1); *see also Rosen v. TRW, Inc.,* 979 F.2d 191, 193-94 (11th Cir.1992) (a company that administers the plan can be held liable for ERISA violations). In this case, the administrator of the Georgia-Pacific Hourly Employees Welfare Benefits Trust, an ERISA plan, is plaintiff's employer, Georgia-Pacific. In fact, the benefits

---

[*]Honorable James M. Burns, Senior U.S. District Judge for the District of Oregon, sitting by designation.

plan specifically states that "Georgia-Pacific Corporation is the Plan Administrator ... with exclusive responsibility and complete discretionary authority to control the operation and administration of this Plan ... and to resolve all interpretive, equitable, and other questions that shall arise in the operation of this Plan." In addition, John Hancock, the company servicing the Plan, submitted an affidavit averring that it does not exercise any discretion, responsibility or control over the administration of the Plan. The evidence is clear that Georgia-Pacific as Plan Administrator is the proper party defendant, not John Hancock.

State laws of tortious interference with contract are preempted by ERISA when the claim involves the proper administration of a plan. 29 U.S.C. § 1144(a) (ERISA's provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)...."). The term "relate to" has been interpreted broadly to preempt certain state common law causes of action brought by employees. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47-48, 107 S.Ct. 1549, 1552-53, 95 L.Ed.2d 39 (1987). A party's state law claim "relates to" an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits. *Farlow v. Union Cent. Life Ins. Co.,* 874 F.2d 791 (11th Cir.1989) (plaintiffs' state law claims preempted where claims were both contemporaneous with the insurer's refusal to pay benefits and the alleged conduct was intertwined with the refusal to pay benefits); *see also Variety Children's Hosp. v. Century Med. Health Plan, Inc.,* 57 F.3d 1040, 1042 (11th Cir.1995) (where state law claims of fraud and misrepresentation are based upon failure of an ERISA plan to pay benefits, state law claims have a nexus with ERISA plan and its benefits system so that preemption applies).

Plaintiff argues that if John Hancock is neither a party to the agreement nor the plan administrator as it asserts, ERISA preemption does not apply to state claims against it. That argument is foreclosed by the decision in *Morstein v. National Ins. Serv.,* 93 F.3d 715, 722 (11th Cir.1996) (en banc), *cert. denied,* --- U.S. ----, 117 S.Ct. 769, 136 L.Ed.2d 715 (1997), in which the Court held that where the state law claim brought against a non-ERISA entity affects the relationship between the ERISA entities, the state law claim is preempted. The proper focus is not on the

relationship between the parties but on the relationship between the alleged conduct and the refusal to pay benefits.  The allegation here that the prepayment agreement required under the Plan imposed obligations not contained in the Plan's summary plan description involves the proper administration of the ERISA plan.

AFFIRMED.