**John L. HENDERSON Plaintiff,**

v.

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, et al., Defendants.**

No. CIV.A. 99–A–1429–N.

United States District Court, M.D. Alabama, Northern Division.

Nov. 6, 2000.

Peter S. Fruin, Catherine Wolter Main, Maynard, Cooper & Gale, P.C., Montgomery, AL, Sarah Y. Larson, William Bernhart Wahlheim, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for Ralston Purina Company.

Sarah Y. Larson, William Bernhart Wahlheim, Jr., Maynard, Cooper & Gale, P.C., Birmingham, AL, for Cigna Group Insurance, Life Insurance Company of North America.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion for Summary Judgment filed by Defendant Ralston Purina Company ("Ralston Purina") on June 2, 2000 (doc. # 40). Plaintiff, John Henderson, and his wife, Linda Henderson, originally filed this action in the Circuit Court of Autauga County, Alabama on October 29, 1999. Ralston Purina and its co-defendants properly removed the case to this court on December 3, 1999, on the basis of federal question jurisdiction. Plaintiffs then filed an Amended Complaint in this court raising claims under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.[1] On September 7, 2000, Linda Henderson was voluntarily dismissed from the case. Ralston Purina has moved for summary judgment on the Plaintiff's remaining claims for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) and for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2).

In ruling on the Motion for Summary Judgment, this court will consider all of the submissions of both parties.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

David A. McDowell, McDowell, Faulk & McDowell, Prattville, AL, for John L. Henderson, Linda Henderson, plaintiffs.

Charles D. Stewart, Spain & Gillon, L.L.C., Birmingham, AL, for Transamerica Life Companies, Transamerica Occidental Life Insurance Company.

1. The Amended Complaint also contained a state law claim that was disposed of by Order of this court on May 1, 2000 (doc. # 39).

proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

### III. *FACTS*

The facts as presented in the submissions of the parties, viewed in a light most favorable to the non-movant, are as follows:

Ralston Purina employed Plaintiff as an account executive from 1987 until June 6, 1997. During his employment, Plaintiff was insured under a group Company Travel Accident insurance policy ("CTA") as well as a supplemental Voluntary Personal Accident insurance policy ("VPA"). Defendant Transamerica issued these policies to Ralston Purina.

Plaintiff worked out of his home in Prattville, Alabama. His job entailed monitoring certain wholesale accounts for Ralston Purina in Georgia and Alabama. While fulfilling the obligations of his employment, Plaintiff was involved in a car accident in Montgomery, Alabama on April 13, 1994. As a result of that accident, Plaintiff has suffered through various medical complications. Nevertheless, Plaintiff remained a salaried employee of Ralston Purina up until June 6, 1997. Due to the nature of Plaintiff's employment with Ralston Purina, it is unclear how often Plaintiff missed work as a result of these medical problems from the time of the accident until his resignation in 1997. It is, however, clear that his compensation levels were completely unaffected by the incident. Plaintiff claims that he was unable to perform the tasks required of him after the April 1994 accident without the help of his co-workers, family, and friends.

On or about August 30, 1997, more than three years after the accident, Plaintiff filed a claim for permanent and total disability with Transamerica. That claim was denied on November 3, 1997 on the grounds that Plaintiff's situation was not covered under the terms of the CTA and VPA plans. Plaintiff appealed this deci-

sion on December 21, 1997. Transamerica denied the appeal on April 17, 1998.

On December 31, 1995, after Plaintiff's car accident, Ralston Purina changed its insurance carrier from Transamerica to LINA. Plaintiff also filed a claim for permanent and total disability with LINA. LINA denied the claim on the grounds that the April 13, 1994 accident occurred prior to the effective date of the LINA–Ralston Purina policy.

## IV. DISCUSSION

### 1. Denial of Benefits

ERISA provides participants and beneficiaries with standing to bring civil actions for the recovery of benefits "due ... under the terms of [the] plan, to enforce ... rights under the terms of the plan, or to clarify ... rights to future benefits under the terms of the plan ..." 29 U.S.C. § 1132(a)(1)(B). Ralston Purina has asserted only one argument in support of its Motion for Summary Judgment. That argument is that Plaintiff's claims for benefits lie only against the insurers who denied Plaintiff's claims. Ralston Purina maintains that it had no discretionary control over the outcome of Plaintiff's request for benefits under the CTA and VPA Plans (collectively, "the Plans"), and that for that reason it cannot be held responsible under ERISA.

The undisputed evidence in this case demonstrates that Ralston Purina established and sponsored the Plans. It is also undisputed that Ralston Purina is the administrator of the Plans. Plaintiff argues that as both administrator and fiduciary of the Plans, Ralston Purina exerted sufficient control over Plaintiff's disability claims to render it a proper defendant in this case.

Plaintiff relies on several Eleventh Circuit cases in support of his argument. See, e.g., Hamilton v. Allen–Bradley Co., Inc., 217 F.3d 1321 (11th Cir.2000); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186 (11th Cir.1997); Rosen v. TRW, Inc., 979 F.2d 191 (11th Cir.1992). In Rosen, a terminated employee brought suit against his employer under ERISA for denial of benefits. See Rosen, 979 F.2d at 191. The court concluded that an employer who takes an active part in the administration of a plan can be held liable for ERISA claims. See id. at 193 (adopting the reasoning of Law v. Ernst & Young, 956 F.2d 364, 373–74 (1st Cir. 1992)). In Garren, the court found that an employer was the proper defendant to a denial of benefits suit where the employer was the plan administrator who maintained complete discretional authority over the plan. See Garren, 114 F.3d at 187. The insurer in Garren was found not to be a proper party to the action because it did not "exercise any discretion, responsibility or control over the administration of the Plan." Id. Finally, in the recent Hamilton decision, the Eleventh Circuit reiterated the core holding of Rosen by noting that an employer who administers an ERISA plan can be held liable for ERISA violations. See Hamilton, 217 F.3d at 1326. In Hamilton, the employer's human resources director had apparently discouraged the plaintiff-employee from filing a long-term disability claim with the plan insurer. See id. at 1324. The facts of the case suggest that this dissuasion ultimately resulted in the plaintiff filing an untimely claim with the insurer. See id.

This court reads the aforementioned authority as allowing for the imposition of liability on an employer/plan administrator under the relevant ERISA provisions in certain circumstances. The key difference between this case and the cases cited by the Plaintiff is that no evidence in the record before this court suggests that Ralston Purina exerted any control whatsoever over the disposition of Plaintiff's benefit claims.

The evidence, viewed in the light most favorable to the Plaintiff, establishes only that Ralston Purina acted as a conduit between its employees and their insurers (Transamerica and LINA). It is undisput-

ed that Transamerica and LINA, not Ralston Purina, administered claims for benefits made by Ralston Purina employees. *See* Long Aff. at 3 & Wuller Aff. at 1–2 (attached to Ralston Purina's Rep. Br.). Moreover, Plaintiff has not produced any evidence which could possibly suggest that Ralston Purina exercised any control over the decision to deny Plaintiff's claims in this case. Ralston Purina did provide forms to the Plaintiff so that he could lodge his claims directly with LINA and Transamerica. Ralston did, at the request of Transamerica, provide Transamerica with the dates of Plaintiff's employment, as well as the dates on which Plaintiff was absent from work for medical reasons. What Ralston Purina did not do was decide the merits of Plaintiff's claims under the Plans.

Plaintiff glosses over the distinction between Ralston Purina as plan founder and administrator on the one hand, and LINA and Transamerica as claims administrators on the other. Undoubtedly, Ralston Purina has broad authority over the ERISA Plans in this case. For example, Ralston Purina has set up the Plans, has selected the Plans' terms, and has selected Transamerica, and now LINA as the Plan insurers. But Ralston Purina has delegated the responsibility for claims decisions to its Plan insurers. Before January 31, 1995, Transamerica was vested with full discretionary authority over benefit claims.

▉ In the absence of binding precedent from either the Supreme Court or the Eleventh Circuit on this specific question, this court concludes that Ralston Purina is not properly joined in this claim because no evidence has been presented which indicates that Ralston Purina exercised any control over Transamerica's decision to deny Plaintiff's claim for benefits. Absent evidence of some degree of decisional control on the part of Ralston Purina, it is illogical to require it to stand before this court to face a charge of wrongful denial of benefits. *Accord Best v. Nissan Motor Corp.,* 973 F.Supp. 770, 775 (M.D.Tenn.

1997); *cf. Sweet v. Consolidated Aluminum Corp.,* 913 F.2d 268, 272 (6th Cir. 1990) (employer with some control over decision to deny benefits was proper defendant). Under these circumstances, the court finds that Ralston Purina is not a proper defendant to Plaintiff's wrongful denial of benefits claim. Ralston Purina's Motion for Summary Judgment with regard to that claim is due to be GRANTED.

### 2. *Breach of Fiduciary Duty*

ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries ... for the exclusive purpose of ... providing benefits to participants and their beneficiaries ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(A) & (B). ERISA plan fiduciaries may be found personally liable to the plan for any damages caused by a breach. *See* 29 U.S.C. § 1109. Plan participants and beneficiaries are empowered to bring civil actions against fiduciaries for such breaches. *See* 29 U.S.C. § 1132(a)(2).

Ralston Purina supports its Motion for Summary Judgment as to the breach of fiduciary duty claim with the same evidence that demonstrates that Ralston Purina had no input with regard to the insurance carriers' benefits determinations. *See e.g.,* Wuller Aff. at 12. If Plaintiff's breach of fiduciary duty claim is predicated only on the alleged wrongful denial of benefits claim, then it clearly is unsupported by the record. However, Plaintiff also argues that Ralston Purina violated its fiduciary duty to the Plaintiff by not doing enough to help him with his benefits claims. Plaintiff cites no authority in support of this proposition, which would apparently place some affirmative obligation on employers in addition to the require-

ment that they pass requested information along to the insurance companies.

The uncontroverted evidence is that Ralston Purina performed only ministerial functions on behalf of its employees. It made claim forms available, it filled in the employer sections of those forms, it forwarded information from the Plaintiff to the insurers, and it made its own employment and timekeeping records available to those same insurers. Certainly Ralston Purina was under a fiduciary duty to forward Plaintiff's claims to Transamerica and LINA. *See Hamilton,* 217 F.3d at 1328. Ralston Purina fulfilled that obligation. This court finds no authority which supports Plaintiff's contention that more was required of Ralston Purina. Given the absence of either factual or legal support for Plaintiff's argument, Ralston Purina's Motion for Summary Judgment as to the breach of fiduciary duty claim is due to be GRANTED.

## V. CONCLUSION

For the reasons discussed, the court concludes that Ralston Purina's Motion for Summary Judgment is due to be GRANTED.