Natalie CREIGHTON, Plaintiff,

v.

**CONTINENTAL AIRLINES, INC., and Aetna Life Insurance. CO., Defendants.**

No. 8:04–CV–15–T–24MAP.

United States District Court, M.D. Florida, Tampa Division.

June 9, 2004.

—————

John V. Tucker, Law Offices of Anderson & Tucker, St. Petersburg, FL, for Plaintiff.

Raul Valles, Jr., Ford & Harrison LLP, Kirk M. Gibbons, Gibbons, Conn, Neuman, Bello, Segall & Allen, Tampa, FL, for Defendants.

### ORDER

BUCKLEW, District Judge.

This cause comes before the Court on Defendant Continental Airlines, Inc.'s ("CAL") Motion to Dismiss (Doc. No. 18). Plaintiff filed a response in opposition to this motion (Doc. No. 29).

### I. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir.2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir.1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations in the complaint are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

### II. Motion to Dismiss

 In the First Amended Complaint, Plaintiff asserts a claim against Defendants CAL and Aetna Life Insurance Co. ("Aetna") for dental benefits under a welfare benefit plan regulated by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). ERISA provides that a "civil action may be brought by a participant or beneficiary ... to recover benefits due ... under the terms of [a] plan." 29 U.S.C. § 1132(a)(1)(B). This section confers a right to sue the plan administrator for recovery of benefits. *See Hamilton v. Allen–Bradley Co.*, 244 F.3d 819, 824 (11th Cir.2001); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (in an action for ERISA benefits, the proper defendant is the party that controls administration of the plan); *Rosen v. TRW, Inc.*, 979 F.2d 191, 193–94 (11th Cir.1992).

Plaintiff contends that CAL, Plaintiff's employer at all times relevant to this action, is the plan sponsor and administrator (Doc. No. 15, ¶¶ 3, 12). CAL, however, argues that it cannot be held liable for Plaintiff's claim for plan benefits because

responsibility for the administration of the plan lies with the insurer, Aetna. In support of its contention, CAL points to a provision in the Summary Plan Descriptions ("SPD") that states that CAL has "contracts with benefit administrators, claims payors … [t]hese providers are independent contractors and [CAL] is not responsible for any acts or omissions of any of these organizations …." (Doc. No. 15, Exh. A, p. 12). Further, the SPD specifically identified Prudential DMO, predecessor in interest to Aetna, as one of three claim administrators for dental benefits (Doc. No. 15, Exh. A, p. 14). Thus, CAL argues that it is clear that the responsibility for the administration of the plan lies exclusively with Aetna, and as such, Plaintiff cannot state a claim against CAL.

Plaintiff counters that the SPD specifically names CAL as the plan administrator (Doc. No. 15, Exh. A, p. 6, "Continental is the plan administrator"). Without discovery, Plaintiff contends that there is not sufficient information to determine exactly who the plan administrator is at this time, and as such, the Court should not dismiss Plaintiff's claim against CAL.

The Court agrees with Plaintiff that dismissal is not appropriate at this time, since Plaintiff has alleged that CAL is the plan administrator and the plan documents currently before this Court seem to substantiate that claim. The Court rejects CAL's argument that the above quoted portion of the SPD clearly shows that Aetna is the exclusive plan administrator. Furthermore, the Court notes that ERISA defines the plan administrator as the person "so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16). The SPD names CAL as the plan administrator.

Based on the above, this Court finds that the allegations in Plaintiff's complaint are sufficient to allow her to conduct discovery in an attempt to prove that CAL is the plan administrator and that she is entitled to benefits under the plan. Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant Continental Airlines, Inc.'s Motion to Dismiss (Doc. No. 18) is **DENIED**; and

(2) On or before June 25, 2004, Defendant Continental Airlines, Inc. shall file a response to the First Amended Complaint and amend its cross-claim to reflect the substitution of parties approved by the Court in its March 24, 2004 Order.