[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12449
Non-Argument Calendar

_____

D. C. Docket No. 02-00358-CV-FTM-33-DNF

DARYL LESLIE LAVENDER,

Plaintiff-Appellant,

versus

KATHLEEN A. KEARNEY., et al.,

Defendants,

DR. MICHAEL LIPSCOMB,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 18, 2006)

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Daryl Leslie Lavender, proceeding pro se, appeals the district court's orders denying the appointment of counsel, denying his motion to add a defendant or amend the complaint, and granting summary judgment in his civil rights action against Michael Lipscomb. For the reasons that follow, we affirm the district court.

## I. Background

Lavender was a civil commitment resident at the Florida Civil Commitment Center ("FCCC") under the Involuntary Civil Commitment of Sexually Violent Predators Act ("Jimmy Ryce Act"), Fla. Stat. Ann. § 394.910. In March 2002, Lavender, a white resident, was attacked and severely injured by Douglas Gray, a black resident. The attack occurred after Gray had injured another white resident, been placed in disciplinary segregation, and released back into the general population. Proceeding pro se, Lavender brought suit under 42 U.S.C. § 1983, raising three claims: (1) FCCC officials (including Michael Lipscomb) violated Lavender's constitutional rights by their deliberate indifference to the safety risk posed by Gray; (2) FCCC officials (including Robert Briody) retaliated against Lavender for having filed prior lawsuits against them; and (3) Briody and others were deliberately indifferent to Lavender's medical needs. All claims were

2

dismissed except the deliberate indifference claim against Lipscomb. Lavender then asked the district court to re-instate Briody as a defendant. The court construed the request as a motion to amend the complaint. Finding that the amendment was futile and that Lipscomb would be prejudiced, the district court denied the request. The district court also denied Lavender's motion to appoint counsel.

Lipscomb moved for summary judgment, asserting that he had no actual knowledge that Gray posed a substantial risk to Lavender's safety, and that under the FCCC's review policy, the decision to release Gray from disciplinary segregation was made by an administrative committee of which Lipscomb was only one member. Lavender opposed summary judgment and moved to compel Lipscomb to respond to admission requests regarding the FCCC's disciplinary segregation policies. The district court denied Lavender's motion to compel because the requests to admit did not comply with local rules and called for the interpretation of documents and policies. The district court granted summary judgment for Lipscomb, finding that Lavender produced no evidence that Lipscomb knew Gray posed a risk.

## II. Discussion

On appeal, Lavender argues that summary judgment was improper, the

district court abused its discretion by denying his motion to appoint counsel; and the district court abused its discretion by denying his motion to add Briody as a defendant.

A. Summary Judgment

Lavender argues that summary judgment was improper because: Lipscomb knew that Gray was a dangerous threat to white FCCC residents; the FCCC had no rules regarding review of dangerous residents; he lacked the benefit of requested discovery; and under Florida negligence law, the issue of whether his injury was foreseeable should have been resolved by a jury.[1]

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party meets its burden of showing the absence of a genuine issue of material fact, the burden shifts to the non-moving party to submit sufficient evidence to rebut the

---

[1] Lavender's contention that the issue of foreseeability was a jury question under Florida negligence law does not aid his cause. Mere negligence is not sufficient to establish a deprivation of liberty interests pursuant to § 1983. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); see also Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005).

showing with affidavits or other relevant admissible evidence. <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).

Lavender's § 1983 claim rests on the contention that Lipscomb violated his rights under the due process clause of the Fourteenth Amendment as set forth in <u>Youngberg v. Romeo</u>, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). Under <u>Youngberg</u>, the involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate training as might be required to ensure safety and freedom from restraint. <u>Id.</u> at 322. We have held that <u>Youngberg</u> establishes that the due process rights of the involuntarily civilly committed are "at least as extensive" as the Eighth Amendment rights of the criminally institutionalized," and therefore, "relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed."[2] <u>Dolihite v. Maughon</u>, 74 F.3d 1027, 1041 (11th Cir. 1996). Accordingly, for an involuntarily civilly-committed plaintiff to establish a § 1983 claim for violation of his due process rights, he must

---

[2] We have likewise held that the Eighth Amendment's deliberate indifference jurisprudence is applicable to the Fourteenth Amendment due process rights of pre-trial detainees, <u>Purcell v. Tombs County, Ga.</u>, 400 F.3d 1313, 1319 (11th Cir. 2005) (citing <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1024 n.5 (2001)), and foster children, <u>Ray v. Foltz</u>, 370 F.3d 1079, 1083 (11th Cir. 2004).

show that state officials were deliberately indifferent to a substantial risk to his safety. Purcell v. Tombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005).

"[D]eliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Rather, "a state official acts with deliberate indifference only when he disregards a risk of harm of which he is *actually aware*." Id. (citing Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.E.2d 811 (1994)). To establish deliberate indifference, a plaintiff must show "that the defendant (1) was objectively aware of a risk of serious harm; (2) recklessly disregarded the risk of harm; and (3) [that] this conduct was more than merely negligent. Id. (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Here, Lavender argues that in releasing Gray from disciplinary segregation, Lipscomb knowingly disregarded a substantial risk of serious harm to Lavender and other FCCC residents because Lipscomb knew of Gray's violent nature and knew of his racial animus against white residents. But Lipscomb presented evidence that he had no knowledge of the alleged risk posed by Gray, and Lavender produced no verifiable evidence to refute Lipscomb's contention. And although Lipscomb may have known of Gray's violent tendencies, there was no

6

evidence he was aware that Gray posed a specific risk to Lavender or other white FCCC residents. General knowledge about an inmate's violent tendencies, without more specific information about the risk, does not constitute deliberate indifference. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003). Moreover, Lavender produced no evidence to refute that, pursuant to FCCC policy, Gray was released from disciplinary confinement only after an administrative committee determined Gray was no longer a risk to himself or others.

Finally, Lavender's claim that summary judgment was improper because he was denied discovery also fails. The district court has wide discretion in deciding whether a party is entitled to an opportunity for discovery. Halbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998). And under Federal Rule of Civil Procedure 56(f), a court may allow a plaintiff to conduct additional discovery upon a showing that it will enable him to rebut the summary judgment motion. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1259 n.3 (11th Cir. 2004).

Here, the record reveals that the court allowed discovery and instructed Lipscomb to produce the records Lavender requested. Furthermore, Lavender never requested additional discovery before summary judgment was granted. Instead, Lavender moved to compel Lipscomb to admit that in 2005, the FCCC implemented a policy requiring a minimum 45-day segregation following an

aggravated battery. The district court denied this motion because the request was improper and Lavender failed to comply with local rules. And even if Lipscomb had affirmed this policy's existence, it would not create a genuine issue of material fact as to Lipscomb's deliberate indifference a year before the policy was allegedly implemented.

Accordingly, we agree with the district court's grant of summary judgment.

B. Motion to Appoint Counsel

We review the denial of a plaintiff's motion to appoint counsel for abuse of discretion. Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999). A plaintiff in a civil case has no constitutional right to counsel. Id. The district court has broad discretion in making this decision, Killian v. Holt, 166 F.3d 1156, 1157 (11th Cir. 1999), and should appoint counsel only in exceptional circumstances, Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Non-exceptional circumstances exists, inter alia, when there is no genuine dispute as to core facts and when the legal claims are straightforward. Bass, 170 F.3d at 1320.

Here, the facts and legal issues in this case were not complex, and Lavender has offered nothing to show his inability to present his claims to the district court without counsel. Indeed, a review of the record, including Lavender's various motions and Appellate Brief, indicates that Lavender was able to make arguments

8

and cite legal standards despite his <u>pro se</u> status. Accordingly, the district did not abuse its discretion in denying Lavender's motion to appoint counsel.

C. <u>Motion to Add Briody as a Defendant</u>

Finally, Lavender contends that the district court erred by concluding that any amendment to the complaint would be futile because there was no undue delay, bad faith , or dilatory motive in the request to amend. Lavender further contends that Briody was a necessary party because, had Briody implemented policies requiring segregation, the attack would not have occurred.

We review the denial of a motion to amend a complaint for abuse of discretion. <u>Green Leaf Nursery v. E.I. DuPont De Nemours & Co.</u>, 341 F.3d 1292, 1300 (11th Cir. 2003). Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course " at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000). But other than the circumstances in which the plaintiff may amend as a matter of course, a party may amend his pleading only "by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). District courts should

generously allow amendments even when the plaintiff does not have the right to amend the complaint. Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). But a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment. Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

Here, Lavender moved to add Briody after Lipscomb, who was then the only defendant, had answered the complaint. Thus, Lavender did not have the right to amend as a matter of course. Moreover, the district court properly determined that the amendment was futile. First, Briody was never named as a defendant in the only remaining claim before the district court (i.e., the claim alleging deliberate indifference to a safety risk). Second, the claims against Briody involved a set of facts different from those underlying the claim against Lipscomb such that adding these claims would have unduly prejudiced Lipscomb. Third, Lavender's claims against Briody asserted that the FCCC had not implemented policies for segregating residents, while the evidence showed that such policies were in place at the time of the attack. Finally, the allegations against Briody show, at most, that Briody acted with negligence and not the subjective awareness required for a

10

constitutional violation of deliberate indifference.  <u>Foltz</u>, 370 F.3d at 1083; <u>Carter</u>, 352 F.3d at 1349-50.  Thus, allowing Lavender to amend his complaint would have been futile, and the district court did not abuse its discretion in denying the amendment.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court in all respects.