Alexander W. ROHAN, Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE COMPANY, Defendant.

Case No. 3:11cv346/MCR/CJK.

United States District Court, N.D. Florida, Pensacola Division.

June 12, 2012.

**1357**

Jack Enrique De La Piedra, McKenzie Taylor & De La Piedra PA, Pensacola, FL, for Plaintiff.

Daniel Alter, Grayrobinson PA, Ft. Lauderdale, FL, for Defendant.

### *ORDER*

M. CASEY RODGERS, Chief Judge.

Plaintiff, Alexander W. Rohan, brought suit against the defendant, United-Healthcare Insurance Company ("United-Healthcare") to obtain documentation and requesting the imposition of statutory penalties on UnitedHealthcare pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(A). Pending before the court is UnitedHealthcare's motion to dismiss (doc. 11) for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), which Rohan opposes (doc. 13).[1] Having fully considered the matter, the court finds that the motion is due to be granted.

### Background

In the complaint, Rohan alleged that he was at all relevant times an employee of Saia Motor Freight Lines, Inc. ("Saia"), located in Pensacola, Florida, and a beneficiary of his employer's employee welfare benefit plan ("ERISA plan"). Rohan alleged that UnitedHealthcare is the fiduciary plan administrator, either as the named plan administrator or as the functional or *de facto* fiduciary plan administrator, "because to all appearances it assumed control or authority over the plan administrator's function of responding and/or delivering information and documents pursuant to [Rohan's] requests." (Doc. 1, ¶ 6). The complaint alleges that Rohan requested maternity benefits for a dependent under the ERISA plan on two occasions and received two benefit denials, one of which was overturned and another that remains pending. Upon receipt of the first denial, dated March 5, 2011, stating that benefits were not available according to the plan, Rohan's attorney sent UnitedHealthcare a written request for plan documents, specifically, the Summary Plan Description and Plan Document. The attorney's letter also requested a complete copy of the claim file; represented that the documents were all necessary for an appeal of the denial of coverage; and requested, "if your company is not the individual or entity in charge of providing any of the aforementioned documentation, please provide me with the complete name ... of the individual or entity who should receive this request." (Doc. 1–2, at 3). Rohan then received

---

**1.** The defendant also filed a reply (doc. 26), which the court has considered.

several form letters from UnitedHealthcare, which are attached to the complaint, acknowledging receipt of the request and stating, "if your request qualifies for an appeal, grievance or complaint, we will complete our review and send you a letter about our decision." (Doc. 1–3). Each letter included a special notice, stating:

ATTENTION members of self-funded Employee Retirement Income Security Act of 1974 (ERISA) employee benefit plans administered by UnitedHealthcare: The plan under which you are covered is a self-funded Group Employee Welfare Benefit Plan governed by ERISA. This plan is not subject to state insurance law. You may have the right to file [a] civil action under ERISA.

(Doc. 1–3). By letter dated April 8, 2011, UnitedHealthcare acknowledged that Rohan's attorney had requested documents relevant to the "coverage denial" and represented that "[t]he request for documentation has been forwarded to the appropriate department within UnitedHealthcare for handling." (Doc. 1–3, at 15). UnitedHealthcare reversed the coverage denial and stated that payment would be received within 7 to 14 days.

Rohan also alleged he sent a second request for documents on April 27, 2011, specifically requesting any documents that contain the name of the Plan Administrator, Plan Sponsor, or Plan Fiduciaries. UnitedHealthcare acknowledged its receipt and again recited the special notice to members of self-funded plans. Rohan's second request for benefits was denied on grounds that the benefits were not available under the plan. This second denial remains pending in an administrative appeal. Rohan did not receive the plan documents that he requested.

Rohan brought suit, alleging that UnitedHealthcare is liable for statutory penalties for the failure to deliver the plan documents within 30 days of his written request. UnitedHealthcare has moved to dismiss the complaint, asserting that it is not statutorily liable for penalties because it is the Claims Administrator, not the Plan Administrator, as stated in the Summary Plan Description and Supplement ("SPD"), which is referenced in the complaint and attached to the motion to dismiss.[2] The SPD plainly names Saia, the employer, as the Plan Sponsor, the Named Fiduciary, and the Plan Administrator; and names UnitedHealthcare as the Claims Administrator. The SPD provides that the Claims Administrator shall not be deemed an employer for purposes of the plan and "shall not be responsible for fulfilling any duties or obligations of an employer with respect to the Plan Sponsor's Plan." (Doc. 11–3, at 17). The SPD explains that the Plan Sponsor may contract with an outside party for administrative services but that Saia remains the named fiduciary.

Rohan opposes the motion to dismiss, stating this is the first time he has received the SPD and arguing that UnitedHealthcare is at least a *de facto* plan administrator, by reason of circumstances showing that UnitedHealthcare acknowledged receipt of his requests, responded to his inquiries, and failed to inform him that another entity was responsible to provide the documents.

### Discussion

Federal pleading rules require only "a short and plain statement of the claim

---

**2.** The court may consider on a motion to dismiss a document that is not attached to the complaint where, as here, it is referenced in the complaint, it is central to the plaintiff's claims, and its authenticity is undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005).

showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2); not detailed allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In determining whether a complaint states a claim, the court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.2008). A complaint passes muster if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Under ERISA, an employee benefit plan participant or beneficiary is entitled to receive a copy of "the latest updated summary, plan description ... or other instruments under which the plan was established or is operated" upon written request to the plan administrator. *See* 29 U.S.C. § 1024(b)(4). ERISA names only the plan administrator as subject to penalties for failure or refusal "to comply with a request for any information which such administrator is required ... to furnish." *See* 29 U.S.C. § 1132(c)(1)(A). *See also Byars v. Coca–Cola Co.,* 517 F.3d 1256,-1270–71 (11th Cir.2008). ERISA defines the term "administrator" in relevant part as the person so named in the governing plan documents, or if no such person is designated, then the plan sponsor, which, in this instance, is the employer. *See* 29 U.S.C. § 1002(16)(A). The SPD at issue specifically names Saia as the plan administrator and United Healthcare as the claims administrator. (Doc. 11–3, at 17). The Eleventh Circuit recognizes a clear distinction between a claims processor, which is a non-fiduciary not regulated by ERISA, and a fiduciary administrator. *See Howard v. Parisian, Inc.,* 807 F.2d 1560, 1564 (11th Cir.1987) (finding an in-surance company that performed "only claim-processing, investigatory, and record-keeping duties" was a non-fiduciary). UnitedHealthcare argues that, because it is a claims processor only, it is not subject to suit for statutory penalties.

Rohan argues that UnitedHealthcare may be held liable as a *de facto* fiduciary plan administrator by reason of its actions in responding to his inquires. The Eleventh Circuit has approved of the *de facto* administrator doctrine, under which it may be necessary to examine the factual circumstances surrounding the administration of the plan to determine identity of the plan administrator "even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen–Bradley Co.,* 244 F.3d 819, 824 (11th Cir.2001); *see also Oliver v. Coca Cola Co.,* 497 F.3d 1181, 1193–94 (11th Cir.2007), *vacated in part on other grounds,* 506 F.3d 1316 (11th Cir.2007), *and adhered to in relevant part on reh'g,* 546 F.3d 1353 (11th Cir.2008). However, this doctrine has only been applied in circumstances in which an *employer* was sued for acting as a plan administrator with decision-making authority despite plan documents naming a different entity as the plan administrator. *See Oliver,* 497 F.3d at 1194–95 (distinguishing cases such as Hamilton and *Rosen v. TRW, Inc.,* 979 F.2d 191 (11th Cir. 1992)). The Eleventh Circuit has expressly rejected attempts to impose *de facto* plan administrator status on a third-party administrative services provider. *See Oliver,* 497 F.3d at 1193–94; *Baker v. Big Star Div. of the Grand Union Co.,* 893 F.2d 288, 290 (11th Cir.1989); *see also Castro v. Hartford Life Ins. and Acc. Ins. Co.,* 2011 WL 4889174, at *6–8 (M.D.Fla. 2011) (collecting cases finding no cause of action for statutory penalties against claims processor that was not the plan administrator, and recommending the rejection of the *de facto* doctrine discussing

Eleventh Circuit precedent). The court commented in *Oliver* that to hold a third-party administrative service provider liable as a *de facto* plan administrator would "undercut the ability of employers to contract out the administrative tasks associated with operating an ERISA plan, a practice we upheld in *Baker*." 497 F.3d at 1195 (concluding the third-party administrative services provider was not a proper defendant). Further, the court explained it would be "hard to imagine how an administrative services provider could fulfill its functions without engaging in the types of activity that, in Hamilton, triggered the application of the *de facto* administrative doctrine." *Id.*

In this instance, the SPD indicates that benefit determinations are made by Saia and that Saia "has the exclusive right to interpret and administer the Plan." (Doc. 11–2, at 58). The SPD outlines the appeal process as including a first level appeal conducted by the claims administrator, UnitedHealthcare, with a final appeal to the plan administrator, Saia, whose "decisions are conclusive and binding." (Doc. 11–2, at 58). Relying on a prior order of this court denying a motion to dismiss on the basis of the *de facto* doctrine, *see Green v. Health Care Serv. Corp.*, 3:11cv346, doc 16. (N.D.Fla. Feb. 12, 2010), Rohan argues that he has pleaded sufficient factual circumstances to confer *de facto* plan administrator status on UnitedHealthcare. The court disagrees. In *Green*, although this court acknowledged that the Eleventh Circuit cases do not foreclose the possibility that a third-party services provider may be considered a plan administrator where the facts demonstrate that the service provider exercised discretionary authority over administration of the plan and thus held a fiduciary duty, the face of the plan documents also supported such a possibility by language delegating discretionary authority to the third party—the third-party administrator was expressly given full and final authority to make claims decisions and decide claim appeals. In this case, by contrast, it is clear from the plan documents that Saia retained for itself the final authority, and the facts alleged, which assert that UnitedHealthcare assumed the function of delivering information, do not state a plausible claim otherwise. The documents attached to the complaint show that information provided by UnitedHealthcare merely acknowledged receipt of Rohan's attorney's letters and provided claims information, consistent with its role as claims administrator.

Plaintiff also relies on the First Circuit decision, *Law v. Ernst & Young*, a suit against an employer, in which the court held that "where an entity of which the administrator is part in effect holds itself out as the plan administrator by officially disseminating such information" it can be treated as such for the purposes of ERISA penalty liability. 956 F.2d 364, 373 (1st Cir.1992). This reliance is misplaced. Although the Eleventh Circuit endorsed the analysis of *Law* in *Hunt v. Hawthorne Assoc., Inc.*, 119 F.3d 888, 914 (11th Cir. 1997), *cert. denied*, 523 U.S. 1120, 118 S.Ct. 1800, 140 L.Ed.2d 940 (1998), it subsequently distinguished the case in *Oliver* on grounds that the analysis is inapplicable to a third-party administrator. *See Oliver*, 497 F.3d at 1195 (noting the First Circuit itself has "declined to apply the *de facto* administrator doctrine to a third party administrator services provider"). Here, Saia named itself as the plan sponsor, plan administrator, and named fiduciary, and assigned itself "all fiduciary responsibilities with respect to the Plan except to the extent the Plan Sponsor has delegated or allocated to other persons or entities one or more fiduciary responsibility with respect to the plan." (Doc. 11–3, at 17). Saia explicitly declared that the claims administrator, UnitedHealthcare, is "not re-

sponsible for fulfilling any duties or obligations of an employer with respect to the Plan Sponsor's Plan" (doc. 11–3, at 17), and there is no indication that any duty other than administrative claims services have been delegated to it.

Having fully considered the arguments of the parties and the applicable law, the court concludes that the complaint has not sufficiently alleged a plausible claim against UnitedHealthcare.

Accordingly, the motion to dismiss (doc. 11) is GRANTED.